HARRY HAUSMAN, as Assignee of LOUIS B. APPLETON, Plaintiff, Judgment Creditor, v. CHARLES STEINER, Defendant, Judgment Debtor.*

City Court of New York, Special Term, New York County, February 6, 1939.

*Herdling & Scharf* [*Julius Brandes* of counsel], for Philip Scharf.

*Philip Fliashnick*, for Harry Hausman.

*Charles Steiner*, judgment debtor, in person.

WENDEL, Ch. J.  The question in this case is whether a garnishee execution under section 684 of the Civil Practice Act may be issued to a marshal of the city of New York under a judgment entered in the City Court of the City of New York after a transcript of that judgment has been docketed in the office of the clerk of the county of New York and the judgment thus made a Supreme Court judgment.  I think that, in view of the provisions of subdivision 1 of section 684 of the Civil Practice Act this may be done.  That statute provides that the judgment creditor may apply for an order directing the issuance of a garnishee execution against the wages of the judgment debtor to " the court in which said judgment was recovered or the court having jurisdiction of the same."  As the judgment was recovered in the City Court, the judgment creditor properly made application to the City Court for an order allowing the issuance of the garnishee execution. Under that order execution was properly issued to the city marshal. (N. Y. City Ct. Act, § 28.)  The filing of the transcript in the office of the county clerk did not give the Supreme Court exclusive jurisdiction over the issuance of a garnishee execution.  Under the above-quoted provision of section 684 of the Civil Practice Act that execution was properly issued out of the City Court to an officer authorized to enforce the mandates and processes

of the City Court. The docketing of the judgment in the Supreme Court did not divest the City Court of all jurisdiction over the enforcement of the judgment. (For analogous reasoning see *Quackenbush* v. *Johnston*, 249 App. Div. 452; *Danzilo* v. *Danzilo*, 163 id. 617; *Matter of Hottenroth* v. *Flaherty*, 61 Misc. 108.) This motion, made by an assignee of a judgment creditor who caused the issuance of a garnishee execution subsequent to that sought to be vacated, is denied. Order signed.