# MASSACHUSETTS *v.* MISSOURI ET AL.

No. —, Original. Argued October 9, 1939.—Decided
November 6, 1939.

2

Mr. Edward O. Proctor, Assistant Attorney General of Massachusetts, with whom Mr. Paul A. Dever, Attorney General, was on the brief, for complainant.

4

*Mr. Harry W. Kroeger,* with whom *Mr. Daniel N. Kirby* was on the brief, for St. Louis Union Trust Co., Trustee, et al., respondents.

6

8

*Mr. Edward H. Miller,* with whom *Mr. Roy McKittrick,* Attorney General of Missouri, was on the brief, for the State of Missouri, respondent.

12

MR. CHIEF JUSTICE HUGHES delivered the opinion of the Court.

The Commonwealth of Massachusetts asks leave to file a bill of complaint against the State of Missouri and certain citizens of that State. On return to the order to show cause why leave should not be granted, the respondents, while contesting the claims of Massachusetts, stated that they had no cause to show. The Court set the motion for hearing upon the question whether the Court has jurisdiction to entertain the suit. The com-

14

plainant and the individual respondents contend that the Court has jurisdiction and the State of Missouri now presents the contrary view.

The argument for jurisdiction rests upon two grounds, (1) that there is a controversy between two States, and (2) that there is a controversy between a State and citizens of another State. Constitution, Article III, § 2, paragraphs 1 and 2.

The proposed bill of complaint alleges in substance that Madge Barney Blake, domiciled in Massachusetts, died in 1935 leaving an estate in that State of $12,646.02, which has there been administered, and that this estate will be exhausted by costs of administration and federal taxes; that the decedent, while domiciled in Massachusetts, created three trusts of securities of the value (at the time of death) of $1,850,789.77, the trustees being residents of Missouri where the securities are held; that in two of these trusts, embracing the greater part of the securities, the settlor had reserved the right of revocation; that both Massachusetts and Missouri have inheritance tax statutes subjecting to taxation property passing by deed, grant or gift made or intended to take effect in possession or enjoyment after the death of the donor; that the Massachusetts statute imposes the tax upon intangibles only when owned by inhabitants of that State; that the Missouri statute exempts from the tax intangibles owned by non-residents who reside in States extending reciprocal provisions to residents of Missouri; that in this instance both States are claiming the exclusive right to impose inheritance taxes upon the trust estates; that Missouri intends to exercise its jurisdiction over the trustees and the property to the exclusion of Massachusetts; that Massachusetts has taken the action required by its statutes to determine the amount of the tax, and to certify it to the persons by whom it is payable, and that there is now due to Massachusetts from the respondent

trustees $137,000, if all the trust estates are taxable, and $127,000 if only the property under the two revocable trusts is taxable; and that the tax cannot be collected from any persons or property in Massachusetts.

Alleging the absence of adequate remedy save in this Court sitting as a court in equity, the complainant prays that the Court may adjudge whether Massachusetts or Missouri has "the jurisdiction and lawful right to impose transfer, succession or inheritance taxes" in respect of the several transfers described and to determine that question in favor of Massachusetts. There is also a general prayer for other relief by injunction or otherwise as the Court may deem expedient.

*First.*—The proposed bill of complaint does not present a justiciable controversy between the States. To constitute such a controversy, it must appear that the complaining State has suffered a wrong through the action of the other State, furnishing ground for judicial redress, or is asserting a right against the other State which is susceptible of judicial enforcement according to the accepted principles of the common law or equity systems of jurisprudence. *Florida* v. *Mellon,* 273 U. S. 12, 16, 17; *Texas* v. *Florida,* 306 U. S. 398, 405. Missouri, in claiming a right to recover taxes from the respondent trustees, or in taking proceedings for collection, is not injuring Massachusetts. By the allegations, the property held in Missouri is amply sufficient to answer the claims of both States and recovery by either does not impair the exercise of any right the other may have. It is not shown that there is danger of the depletion of a fund or estate at the expense of the complainant's interest. It is not shown that the tax claims of the two States are mutually exclusive. On the contrary, the validity of each claim is wholly independent of that of the other and, in the light of our recent decisions, may constitutionally be pressed by each State without conflict in point of

fact or law with the decision of the other. *Curry* v. *Mc-Canless*, 307 U. S. 357; *Graves* v. *Elliott*, 307 U. S. 383. The question is thus a different one from that presented in *Texas* v. *Florida, supra,* where the controlling consideration was that by the law of the several States concerned only a single tax could be laid by a single State, that of the domicile. This was sufficient basis for invoking the equity jurisdiction of the Court, where it also appeared that there was danger that through successful prosecution of the claims of the several States in independent suits enough of the estate would be absorbed to deprive some State of its lawful tax. *Texas* v. *Florida, supra,* 405, 406, 408, 410.

Massachusetts urges that a controversy has arisen over the enforcement of the reciprocal provisions of the tax statutes of the two States. It is said that Missouri has enacted reciprocal legislation under which there is exempted from taxation the transfer of intangibles where the transferor at the time of death was a resident of a State which at that time did not impose a transfer or death tax in respect of the intangible property of residents of other States or if the laws of the State of residence contained a reciprocal exemption provision (Missouri Rev. Stat. 1929, c. 1, art. 21, § 576); and that Massachusetts since 1927 (St. 1927, c. 156) has granted complete exemption from the inheritance tax to intangible property not belonging to its inhabitants. Mass. General Laws (Ter. Ed.) c. 65, § 1. The argument is that Massachusetts and its residents are entitled to the immunity offered by the Missouri statute.

But, apart from the fact that there is no agreement or compact between the States having constitutional sanction (Const. Art. 1, § 10, par. 3), the enactment by Missouri of the so-called reciprocal legislation cannot be regarded as conferring upon Massachusetts any contractual right. Each State has enacted its legislation ac-

cording to its conception of its own interests. Each State, has the unfettered right at any time to repeal its legislation. Each State is competent to construe and apply its legislation in the cases that arise within its jurisdiction. If it be assumed that the statutes of the two States have been enacted with a view to reciprocity in operation, nothing is shown which can be taken to alter their essential character as mere legislation and to create an obligation which either State is entitled to enforce as against the other in a court of justice.

The suggestion that residents of Massachusetts are entitled to the immunity offered by the Missouri statute is unavailing, as Massachusetts may not invoke our jurisdiction for the benefit of such individuals. *Oklahoma* v. *Atchison, T. & S. F. Ry. Co.,* 220 U. S. 277, 286; *Oklahoma* v. *Cook,* 304 U. S. 387, 394.

Nor does the nature of the suit as one to obtain a declaratory judgment aid the complainant. To support jurisdiction to give such relief, there must still be a controversy in the constitutional sense (*Aetna Life Insurance Co.* v. *Haworth,* 300 U. S. 227, 240, 241) and as between the two States there is no such controversy here.

*Second.*—Complainant urges that jurisdiction may be sustained in the view that the proposed bill of complaint presents a controversy between Massachusetts and citizens of Missouri. The bill is not aptly framed so as to present such a controversy independently of a controversy between the States. The bill expressly states the issues presented as being (a) whether Massachusetts or Missouri has exclusive jurisdiction over the transfers in trust so as to have the taxing power, and (b) secondarily, whether the State having such jurisdiction can constitutionally reach one of the trusts in which the settlor reserved no right of revocation. And the specific relief sought is that the Court may determine which State has the jurisdiction to tax and may award that

jurisdiction to Massachusetts as against Missouri. If the gravamen of the proposed bill is deemed to be an assertion of a controversy between the States, jurisdiction to entertain the bill cannot be supported in the absence of the showing of such a controversy. Missouri cannot be brought into court by the expedient of making its citizens parties to a suit otherwise not maintainable against the State.

With respect to the second ground of invoking jurisdiction, as an independent ground, we are virtually asked to disregard the stated objective of the proposed bill, to treat it as amended so as to expunge claims against Missouri and to confine it to claims against the trustees; to consider the bill as no longer asking a declaratory judgment as to which State has power to tax, as not seeking relief in this Court "sitting as a court of equity," but, in the light of the general prayer for other relief, as presenting a simple action against the trustees to recover the amount of the tax claimed to be due Massachusetts irrespective of any claim of Missouri.

If it be possible to consider the proposed bill as thus stripped of its abortive allegations against Missouri and as presenting a cause of action so distinct from that primarily relied upon, still the invocation of our jurisdiction must fail. In the exercise of our original jurisdiction so as truly to fulfill the constitutional purpose we not only must look to the nature of the interest of the complaining State—the essential quality of the right asserted—but we must also inquire whether recourse to that jurisdiction in an action by a State merely to recover money alleged to be due from citizens of other States is necessary for the State's protection. In *Oklahoma* v. *Cook, supra*, we called attention to the enormous burden which would be imposed upon this Court if by taking title to assets of insolvent state institutions, including claims against citizens of other States, a State could demand access to the origi-

nal jurisdiction of this Court to enforce such claims. To open this Court to actions by States to recover taxes claimed to be payable by citizens of other States, in the absence of facts showing the necessity for such intervention, would be to assume a burden which the grant of original jurisdiction cannot be regarded as compelling this Court to assume and which might seriously interfere with the discharge by this Court of its duty in deciding the cases and controversies appropriately brought before it. We have observed that the broad statement that a court having jurisdiction must exercise it (see *Cohens* v. *Virginia,* 6 Wheat. 264, 404) is not universally true but has been qualified in certain cases where the federal courts may, in their discretion, properly withhold the exercise of the jurisdiction conferred upon them where there is no want of another suitable forum. *Canada Malting Co.* v. *Paterson Co.,* 285 U. S. 413, 422; *Rogers* v. *Guaranty Trust Co.,* 288 U. S. 123, 130, 131. Grounds for justifying such a qualification have been found in "considerations of convenience, efficiency and justice" applicable to particular classes of cases. *Rogers* v. *Guaranty Trust Co., supra.* Reasons not less cogent point to the need of the exercise of a sound discretion in order to protect this Court from an abuse of the opportunity to resort to its original jurisdiction in the enforcement by States of claims against citizens of other States.

In this instance it does not appear that Massachusetts is without a proper and adequate remedy. Clause 2 of § 2 of Article III merely distributes the jurisdiction conferred by clause one. *Louisiana* v. *Texas,* 176 U. S. 1, 16; *Monaco* v. *Mississippi,* 292 U. S. 313, 321. The original jurisdiction of this Court, in cases where a State is a party, "refers to those cases in which, according to the grant of power made in the preceding clause, jurisdiction might be exercised in consequence of the character of the party, and an original suit might be instituted in any of

the federal Courts; not to those cases in which an original suit might not be instituted in a federal Court." *Cohens v. Virginia, supra,* pp. 398, 399. With respect to the character of the claim now urged, we are not advised that Missouri would close its courts to a civil action brought by Massachusetts to recover the tax alleged to be due from the trustees. The Attorney General of Missouri at this bar asserts the contrary. He says that "it would seem that Massachusetts should be able to bring a suit against the trustees for the collection of its taxes in either a Missouri state court or in a federal district court in Missouri" and that "such a suit would be of a civil nature and would present a justiciable case or controversy." We have said that the objection that the courts in one State will not entertain a suit to recover taxes due to another or upon a judgment for such taxes, is not rightly addressed to any want of judicial power in courts which are authorized to entertain civil suits at law. It goes "not to the jurisdiction but to the merits," and raises a question which district courts are competent to decide. *Milwaukee County v. M. E. White Co.,* 296 U. S. 268, 272.

The motion for leave to file the proposed bill of complaint is denied.

*Motion denied.*

Mr. Justice Butler took no part in the consideration and decision of this case.