**PALEY v. SOLOMON.**

No. M. C. 7497.

District Court of the United States for the District of Columbia.

March 27, 1945.

Saul G. Lichtenberg, of Washington, D. C., for plaintiff.

No counsel appearing on behalf of defendant.

McGUIRE, Associate Justice.

This is a motion " * * * for order that deposition shall not be taken" made by the defendant in the above-entitled action, directed at a notice sent out under the provisions of Rule 30, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which was granted by the court sua sponte, on the ground that the judgment originally obtained was secured in the Municipal Court, and that the plaintiff should further pursue his remedy before that tribunal, under the provision of its rules. Rule 57, Municipal Court.

The matter is important because it raises an interesting question of local practice and also a rather serious inquiry as to the jurisdiction of both courts, and the general effect of the docketing of judgments obtained in the Municipal Court, in the District Court of the United States for the District of Columbia.

█ First of all it is well to note that the present Municipal Court is not the amorphous resultant of a union or merger of the old Police and Municipal Courts. It is a *new tribunal,* created by Congress and designed to fill a definite and compelling need in the community.[1]

It is a court of record and has been held, within the limits of its civil jurisdiction— far in excess of that of the old Municipal Court—to have equitable jurisdiction.[2] Klepinger v. Rhodes, 78 U.S.App.D.C. 340, 140 F.2d 697, certiorari denied 322 U.S. 734, 64 S.Ct. 1047.

In addition, an intermediate appellate tribunal (the Municipal Court of Appeals) has been interposed between it and the United States Court of Appeals, the latter, for most purposes,[3] the court of last resort in the District.

It has rule-making power [4] and has proceeded to exercise it.[5]

█ There is no doubt but that by the mere docketing of a judgment of that court in the District Court as thus provided, the judgment of the inferior court does become "for all purposes" a judgment of the District Court as if it had originally been obtained there.

But it can hardly be doubted it *still* is *also* a *judgment* of the Municipal Court

---

[1] Act of April 1, 1942, 56 Stat. 190, Ch. 207, D.C. Code 1940 Ed. Title 11, § 751 et seq.

[2] The Police Court was created by the Act of June 1870, 16 Stat. 153, c. 133, D.C.Code 1929 Ed. Title 18, Ch. 4, Sec. 151. The Municipal Court was created by the Act of Feb. 17, 1909, 35 Stat. 623, c. 134, D.C.Code 1929 Ed. Title 18, Ch. 5, Sec. 191. Both were constituted inferior courts of the District by the Act of Mar. 3, 1901, 31 Stat. 1190, c. 854; Sec. 2, D.C.Code 1929 Ed. Title 18, Ch. 1, Sec. 1. The latter was given *exclusive* civil jurisdiction "in the following civil cases in which the claimed value of personal property or the debt or damages claimed, exclusive of interests and costs, does not exceed $1,000, namely, in all civil cases in which the amount claimed to be due for debt or damages arises out of contracts, express or implied, or damages for wrongs or injuries to persons or property, including all proceedings by attachment or in replevin (except in cases involving title to real estate * * * ), and in actions for the recovery of damages for assault, assault and battery, slander, libel, malicious prosecution, and breach of promise to marry." March 3, 1901, 31 Stat. 1191, c. 854, Sec. 9, Feb. 17, 1909, 35 Stat. 623, c. 134, March 3, 1921, 41 Stat. 1310, c. 125, Sec. 1, D.C.Code 1929 Ed. Title 18, Ch. 5, Sec. 193.

[3] The Supreme Court of the United States is included, by statute as a superior court for the District and thus, figuratively at least, the court of ultimate appeal. D.C.Code 1929 Ed. Title 18, Ch. 1, Sec. 1.

[4] Act of April 1, 1942, 56 Stat. 193, Ch. 207, Sec. 5, D.C.Code 1940 Ed. Title 11, § 756.

[5] By the provisions of the Statute of March 3, 1921, 41 Stat. 1311, 1313, D.C.Code 1929 Ed. Title 18, Ch. 5, Sec. 208, justments entered in the former Municipal Court were limited in the sense they remained valid and subsisting for the period of six years only—*unless* they were docketed in the Clerk's Office of The District Court (Supreme Court)— upon which docketing they became *liens.* (D.C.Code 1929 Ed. Title 24, Ch. 11). It was further provided however, that no judgment of this court "shall become *a lien upon any lands, tenements, or hereditaments until so docketed."* Id. (Italics supplied.)

Under the provisions of the Act of March 3, 1901, 31 Stat. 1194, c. 854, Sec. 29, June 30, 1902, 32 Stat. 521, c. 1329, Feb. 17, 1909, 35 Stat. 623, c. 134, D.C.Code 1929 Ed.Title 18, Ch. 5, Sec. 233, upon recovery of "a judgment for twenty dollars or more, exclusive of costs, before the municipal court, the judgment creditor may, when execution is returned 'No personal property found whereon to levy,' file in the clerk's office of the Supreme (District) Court of the District, a certified copy of said judgment, which shall be docketed in the docket of law causes in said office; and when it is *docketed the force* and *effect* of the judgment for all purposes shall be the same *as if it had been a judgment of the said supreme court."* (Italics supplied.)

In the statute creating the present Municipal Court essentially the same provisions just referred to appear. 56 Stat. 190-193, § 4c.

for the District of Columbia for at least six years. It does not lose its character as such because it now, by a strange legislative anomaly, is also a judgment of the District Court of the United States. By the recording of it in the District Court it assumes two characteristics it never had as a judgment of the Municipal Court. First, its life is extended to at least double its hitherto normal span—but only as a judgment of the District Court: Second, it becomes also in this character a *lien* against real estate. But it still is a *judgment of the Municipal Court* as well—there is no merger, or coalescence—it being regarded as a single judgment both in the court of origin and in the second court where docketed arising as it does out of the same cause of action.

 Faced then with this palpable incongruity, the only sensible construction it seems to me, to place upon the statute, having in mind the general legislative purpose in creating the new tribunal, is to hold that when a judgment of the Municipal Court for the District of Columbia is docketed in the District Court—true it becomes as the statute says, a judgment of that court—but the real purpose and intent was to provide for a lien on real estate and to extend the period of limitation, and for no other purpose could this plainly anomalous provision have been carried over as a part of the new Court Act.

 The Congressional Committee reports are silent and there were no debates on the subject so no light can be shed from that source, but it is not, strictly speaking, a local phenomenon; there are similar statutes in other jurisdictions. For example, it has been held that where such a statute provides for the filing of the transcript of a judgment of an inferior court in the office of the clerk of a higher court for the *purpose* of creating a lien against the judgment debtor's realty situated within the territorial limits of the superior court, there is no basis for the issuance of a writ of execution from the higher court except where the statute specifically provides.[6]

In the Hausman case, infra, the City Court of New York held that the docketing of the judgment in the Supreme Court did not divest the City Court of all jurisdiction over the enforcement of the judgment and a garnishee execution could issue from the City Court. The New York decision of course rests on its statutes. The New York City Court Act, Sec. 27-a,[7] provides: "Upon application of a judgment creditor the clerk must deliver to him a transcript of judgment, which may be filed in the office of the clerk of the county in which such judgment was rendered. * * * Upon the docketing of a judgment as provided by this section it shall be deemed a judgment of the supreme court and may be enforced in like manner as a judgment of such court." The jurisdiction of the New York City Court, according to Sec. 16 of the same act, is concurrent with that of the Supreme Court of New York but limited to suits not in excess of $3,000 and to the enforcement of mechanics' liens and liens on personal property. The Civil Practice Act which regulates civil practice in the courts of the State of New York provides in Sec. 684,[8] "Where a judgment has been recovered and where an execution * * * has been returned wholly or partly unsatisfied, and where any wages * * * are due and owing to the judgment debtor * * * the judgment creditor may apply to the court in which said judgment was recovered *or the court having jurisdiction of the same * * *.*"

By far the greater number of the earlier cases involve judgments from justice of the peace courts and there is no need to cite them here. In such circumstances the execution does issue from the court holding the transcripted record. No authority has been found to refute the general conclusion that in the absence of statute, execution should issue from the court rendering the judgment.

Indeed the whole history of this type of legislation indicates it had its origin in the necessity of requiring a writ of "scire facias to revive a judgment which creates a lien on real estate * * * to issue out of a *court of record* of common-law jurisdiction, in order that parties interested in the land * * * may be made parties for the proceeding, with right to defend their interest against the enforcement of the judgment"—since the exercise of such

6 Freeman on Executions, 3d Ed., Sec. 14; Wolfe v. Smith, 1944, Okl., 148 P. 2d 161; cf. Rahm v. Soper, 28 Kan. 529, Reprint p. 379; See People ex rel. v. Wallace, 332 Ill. 427, 163 N.E. 820; Hausman v. Steiner, 1939, 170 Misc. 712, 10 N.Y.S. 2d 733.

7 Part II Thompsons Laws of New York; In force Jan. 4, 1937.

8 Laws 1920, Ch. 925.

jurisdiction *was beyond the powers of justice of the peace courts.*[9] (Italics supplied).

Thus docketed and thus revived it not only created a *lien* but was a judgment of that Court on which execution would issue for all purposes. Green v. Mann, infra.

■ But it is well to note scire facias has been abolished by the new rules, Rule 81 (b), 28 U.S.C.A. following section 723c, and although the relief hitherto available by the issuance of the writ is still provided for by way of motion (Rule 81(b) supra) since the Municipal Court for the District of Columbia is a court of record and as has been seen a court of an entirely different character than the old Municipal Court, it would seem that the *better* practice would be in cases originating there and which have proceeded to judgment in that forum, to utilize the methods of discovery provided by its rules—that in no way prevents the docketing of such judgment in this court for *lien* purposes or to extend the statutory period of limitation.

Further, no statute of the District of Columbia provides that the filing of a Municipal Court judgment with the Clerk of the District Court shall thereafter inhibit the Clerk of the Municipal Court from issuing an execution thereon. It would seem therefore that the Municipal Court can, and as a matter of fact undoubtedly does, issue executions on such of its own judgments, and it follows therefore that ancillary and supplemental steps after judgment (discovery by way of deposition) looking towards that end or after same should be taken in that court. Rule 57, Municipal Court.

In this case the statutory period of limitations has well over two years to run—the judgment having been obtained on September 2, 1941.

Again it seems a large number of these judgments are based on stale demands, and obtained, in the bulk of instances, by default.

■ Apart from these considerations, however, both courts have concurrent jurisdiction. While as a broad proposition a court having jurisdiction must exercise it—it is not universally true in the sense that it admits of no qualification or exception. Indeed, in certain cases in the federal courts these courts may in their discretion properly withhold the exercise of the jurisdiction conferred upon them where there is *no lack* of another suitable forum. Plainly there is no lack of such a forum here.[10]

Reasons for such withholding have been predicated on convenience, efficiency and plain justice.

■ And in this jurisdiction this doctrine of forum non conveniens has been similarly invoked.[11]

While it is true the doctrine has its genesis in, and is generally applied in, cases involving suits between non-residents or aliens (sic)— it can be applied with equal cogency in such a situation as we have here.

In this case the Municipal Court judgment was obtained in September 1941—so it still has a considerable period to run before its demise by statute. Under the circumstances therefore for the reasons stated, this court, having concurrent jurisdiction with the Municipal Court, may in its discretion refuse to exercise the same.

Obviously nothing said here is intended nor should be construed as inhibiting proceedings in this court, looking toward actual enforcement of a realty lien obtained in the manner hitherto referred to, or proceedings on a judgment duly docketed *where* the judgment obtained in the inferior form is dead by virtue of the passage of the period of limitations, and which proceedings constitute the *only* remedy left.

Counsel will submit proper order.

[9] Green v. Mann, 19 App.D.C. 243–249.

[10] Massachusetts v. Missouri, 308 U. S. 1, 19, 60 S.Ct. 39, 84 L.Ed. 3.

[11] Melvin v. Melvin, 76 U.S.App.D.C. 56, 129 F.2d 39; Curley v. Curley, 74 · App.D.C. 163, 120 F.2d 730, 732 and cases cited therein; Urquhart v. American-LaFrance Foamite Corp., App.D.C., 144 F.2d 542.