### MUTUAL LIFE INS. CO. OF NEW YORK v. FROEHLICH.

#### Civil Action No. 3905.

District Court, D. New Jersey.

June 13, 1945.

Collins & Corbin and Raymond J. Lamb, all of Jersey City, for plaintiff.

Carpenter, Gilmour & Dwyer and Patrick A. Dwyer, all of Jersey City, for defendant.

MEANEY, District Judge.

This matter is before the court on defendant's motion to dismiss, or in the alternative to relegate the matter to a forum in the State of New York. The motion is based on the grounds that (1) the complaint fails to state a claim upon which relief can be granted; and that (2) the rights and remedies of the parties are not equal inasmuch as the defendant is denied the benefit of a New York statute which would enable him to impose a further defense to the action.

The plaintiff is the owner by assignment of two certain bonds and mortgages covering premises situate in the City of New York, which were executed and delivered in the City, County and State of New York. In February of 1925, the said bonds and mortgages were combined and consolidated into one first mortgage and joint lien and the terms extended to February 1, 1930. Defendant, in 1925, purchased the real property in question, subject to the two mortgages and, in January 1930, the bonds and mortgages were assigned to the plain-

tiff. Thereafter, in January 1938, by a written agreement entered into between the plaintiff and defendant the terms of the said bonds and mortgages were extended to February 1, 1943, and the interest rate conditionally reduced. Defendant failed to pay the installment of principal and interest due in September of 1942 and after demand made, plaintiff instituted this suit.

Plaintiff is a corporation organized and existing under and by virtue of the laws of the State of New York, and is a citizen of that State. Defendant is a resident and citizen of the State of New Jersey.

■ This action is upon a written contract and sets forth a cause of action over which this court has jurisdiction.

Defendant, notwithstanding, seeks to have this court exercise its discretion and dismiss the action, or in the alternative to relegate the matter to an appropriate forum in the State of New York. Defendant's motion is based upon the grounds that full justice cannot be accorded the defendant in this forum because he will be deprived of the benefit of the so-called Moratorium Laws of New York, passed by the Legislature of New York during the emergency period of 1933. Laws 1933, Ex.Sess., Chapter 794, August 28th. The Act was originally passed for one year, but has been extended annually and is at the time of this motion the law of New York.

Section 1083-b of the Moratorium Act, Laws 1933, Ex.Sess., c. 794, provides, in part, that in any action pending or thereafter commenced during the emergency to recover a judgment for any indebtedness secured by a mortgage on real property against any person liable therefor, any party against whom a judgment is demanded shall be entitled to set off the fair and reasonable market value of the mortgaged property.

■ It is conceded by the defendant, and it has been so held in Bayside-Flushing Gardens, Inc., v. Beuermann, D.C., 1941, 36 F.Supp. 706, that the New York Moratorium Laws are procedural in character and do not affect the substantive rights of the parties. It is a basic and fundamental proposition that the lex loci contractus governs all matters of substantive law affecting a contract. All matters of procedure are governed by the law of the forum. Bayside-Flushing Gardens, Inc., v. Beuermann, supra. Accordingly, if this action is heard in this court, the defendant will not be per-

mitted the set-off of the fair and reasonable value of the mortgaged premises as provided for in the New York Moratorium Act. This fact the defendant insists amounts to a denial of the full and equal justice to which he is entitled, and to deny the motion will be to deprive him of his only prospect of a just determination of the matter.

In asking the court to exercise its discretion and decline jurisdiction, defendant relies upon an application of the doctrine of forum non conveniens, the rule of convenience as applied to discretionary jurisdiction.

It may be observed that the frequently expressed rule that courts may not decline to exercise jurisdiction conferred upon them, has been qualified in certain cases where the Federal Courts may in their discretion properly withhold the exercise of such jurisdiction where there is no want of another suitable forum. Canada Malting Co. v. Paterson Steamships, 285 U.S. 413, 52 S.Ct. 413, 76 L.Ed. 837; Massachusetts v. Missouri, 308 U.S. 1, 60 S.Ct. 39, 84 L.Ed. 3. Where it appears evident that a just determination may be attained, however, the rule may not be easily dispensed with, and the court will not loosely exercise its discretion in declining jurisdiction.

In support of his contention defendant relies principally upon the case of Rogers v. Guaranty Trust Co., 1932, 288 U.S. 123, 53 S.Ct. 295, 298, 77 L.Ed. 652, 89 A.L.R. 720, and cases stemming therefrom.

The Rogers case was a stockholders suit against a corporation and its directors. In that case the court stated:

"Obviously no definite rule of general application can be formulated by which it may be determined under what circumstances a court will assume jurisdiction of stockholders' suits relating to the conduct of internal affairs of foreign corporations. But it safely may be said that jurisdiction will be declined whenever considerations of convenience, efficiency, and justice point to the courts of the state of the domicile as appropriate tribunals for the determination of the particular case."

See also Massachusetts v. Missouri, supra.

In Overfield v. Pennroad Corporation, 3 Cir., 113 F.2d 6, 10, also a stockholders' suit, the Circuit Court of Appeals for the Third Circuit stated in reference to this rule:

"The rule or convenience as applied to discretionary jurisdiction is not in derogation of jurisdiction. It seeks to lead to that jurisdiction, whether it be federal or state, which, under attending circumstances, gives best prospect of affording a convenient, efficient and just determination of the particular case. The rule is intended to promote justice and not to furnish an avenue of escape for those who should answer somewhere for the wrongs charged against them."

Numerous additional cases have been cited by the defendant in support of his position. In no case cited, however, nor has independent research disclosed any, has the rule been invoked under circumstances similar to those here involved. As heretofore stated, the rule that a court having jurisdiction must exercise it is no longer universally true. Nonetheless, it follows that the court will exercise its discretion only under the most compelling circumstances.

Where it is evident that a just determination upon the merits may be had, jurisdiction will not be declined merely as an accommodation.

In the present case no substantive right of the defendant is denied him. The jurisdiction of this court is properly invoked and a convenient, efficient and just determination upon the merits is here afforded to the parties.

I am unable to find that the circumstances attendant upon this matter are such that the court should exercise its discretion and decline jurisdiction.

Defendant's motion is accordingly denied.