COMMONWEALTH OF MASSACHU-SETTS, Richard Acker et al.,

v.

Melvin R. LAIRD, Secretary of Defense.

Civ. A. No. 71–419–W.

United States District Court,
D. Massachusetts.

June 1, 1971.

Robert H. Quinn, Atty Gen. for Massachusetts, Robert J. Condlin, Walter H. Mayo, III, Asst. Attys. Gen., Boston, Mass., for plaintiff.

18. Cf. 11 Del.C. §§ 502, 503.

Herbert F. Travers, Jr., U. S. Atty., William A. Brown, Asst. U. S. Atty., Boston, Mass., for defendant.

## OPINION

WYZANSKI, Chief Judge.

The Commonwealth of Massachusetts and several individuals have filed a complaint against the Secretary of Defense. The individuals allege that they are inhabitants of Massachusetts who are members of the armed forces of the United States and are now being or will be required to serve in the conduct of armed hostilities in Southeast Asia. Plaintiffs seek to obtain an adjudication of the constitutionality of the United States' participation in the Vietnam war. Jurisdiction is invoked under 28 U.S.C. §§ 1331 and 1332.

The complaint prays that the United States' participation be declared "unconstitutional in that it was not initially authorized or subsequently ratified by congressional declaration", and that the Secretary "be enjoined from carrying out, issuing, or causing to be issued any further orders directing any of the above-named plaintiffs or any other inhabitant of the Commonwealth of Massachusetts to Southeast Asia for the purpose of participating in combat or supporting combat troops in the Vietnam war, and from extending the tour of duty of any of the above-named plaintiffs or any other inhabitant of the Commonwealth who may be serving in the Vietnam war, said injunction to become effective ninety days from the date of entry of a decree in this cause in the event Congress shall not have acted within said ninety days to make a declaration of war or otherwise to approve, ratify or authorize United States participation in the Vietnam war."

Defendant has moved to dismiss the complaint on the ground, among others, that it "presents questions not susceptible to judicial determination."

The complaint must be dismissed on alternate grounds: either because it presents a controversy which lacks justi-ciability or because matters of which the court takes judicial notice show the complaint is without merit.

Except for the addition of the individual plaintiffs, the complaint at bar is in all important respects substantially the same as the complaint which the Supreme Court of the United States denied Massachusetts leave to file in that court. Massachusetts v. Laird, 400 U.S. 886, 91 S.Ct. 128, 27 L.Ed.2d 130 (Nov. 9, 1970). From a strictly technical view, the action of the Supreme Court does not control this court inasmuch as, absent an opinion, we cannot be sure whether that court's action was on a discretionary or on a jurisdictional basis. It is conceivable that the Supreme Court denied Massachusetts leave to file solely because there was another suitable forum. Massachusetts v. Missouri, 308 U.S. 1, 19–20, 60 S.Ct. 39, 84 L.Ed. 3, (1939). See Stern and Gressman, Supreme Court Practice, 4th ed., § 10.7, pp. 399–400. However, it is difficult to escape the inference, in the light of the dissenting opinion of Mr. Justice Douglas and the explanations given by Mr. Justice Harlan and Mr. Justice Stewart for their dissenting votes, that the six justices who joined in denying Massachusetts leave to file its complaint in Massachusetts v. Laird, 400 U.S. 886, 91 S.Ct. 128 (Nov. 9, 1970) had concluded that Massachusetts lacked standing and that the controversy lacked justiciability.

But if this court is not technically bound by the Supreme Court's action in Massachusetts v. Laird, *supra*, it regards it as inappropriate, except in a case where he is virtually certain that he is on sound ground, for a district judge to refuse to follow the virtually unanimous authority of the lower federal courts to the effect that the issue here sought to be presented is non-justiciable. Of the cases in the lower courts one has special significance.

Luftig v. McNamara, 126 U.S.App.D. C. 4, 373 F.2d 664, (1967), has an authority to which a district judge must give particular weight. The now Chief

Justice of the United States, (then Circuit Judge Burger), Circuit Judge Coffin of the Court of Appeals of this First Circuit, and Circuit Judge Miller, affirmed a dismissal of a suit for a declaratory judgment and injunctive relief brought by an Army private to enjoin the Secretary of Defense and others from sending him to Vietnam. The private had claimed that American military action in Vietnam was unconstitutional and illegal and the Secretary of Defense had no lawful authority to assign him there. In rejecting the claim, the court, through Miller C. J., said at pp. 665–666:

"The District Court *sua sponte* ordered dismissal of the complaint on the ground·that the relief sought represented a claim for judicial review of political questions beyond its jurisdiction and that it was an unconsented suit against the United States.

The District Court was, of course, eminently correct on both its primary and alternative grounds for dismissal; these propositions are so clear that no discussion or citation of authority is needed. The only purpose to be accomplished by saying this much on the subject is to make it clear to others comparably situated and similarly inclined that resort to the courts is futile, in addition to being wasteful of judicial time, for which there are urgent legitimate demands.

It is difficult to think of an area less suited for judicial action than that into which Appellant would have us intrude. The fundamental division of authority and power established by the Constitution precludes judges from overseeing the conduct of foreign policy or the use and disposition of military power; these matters are plainly the exclusive province of Congress and the Executive, Johnson v. Eisentrager, 339 U.S. 763, 789, 70 S. Ct. 936, 94 L.Ed. 1255. * * * "

The citation relied upon in *Luftig* is the statement of Mr. Justice Jackson, made in an admittedly different context, that "Certainly it is not the function of the Judiciary to entertain private litigation —even by a citizen—which challenges the legality, the wisdom, or the propriety of the Commander-in-Chief in sending our armed forces abroad or to any particular region."

Perhaps in the case at bar *Luftig* is a somewhat unsatisfactory precedent because it holds that the use and disposition of military power "are plainly the exclusive province of Congress and the Executive" without considering whether the judicial department has or lacks the authority to determine which of the other two branches of the government does have that power.

It is at least possible that the courts do have the power to determine the relative scope of Congressional and Presidential power to authorize the use abroad of our armed forces. See Baker v. Carr, 369 U.S. 186, 217, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962); Powell v. McCormack, 395 U.S. 486, 516–522, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969). But if the courts do have the power to determine the respective constitutional roles of the Congress and the President, then plaintiffs' complaint must be dismissed on the merits for reasons which have been as recently as April 20, 1971 set forth by the Court of Appeals for the Second Circuit in Orlando v. Laird, 443 F.2d 1039. See same case Berk v. Laird, 429 F.2d 302 (2nd Cir., 1970); Berk v. Laird, 317 F.Supp. 715 (E.D.N.Y., 1970); Orlando v. Laird, 317 F.Supp. 1013 (E.D.N.Y., 1970). The Second Circuit has held that (1) although a war of the dimensions of the Vietnam conflict may not be prosecuted solely on the basis of the President's authorization, because in such a war [not necessarily in all hostilities] "orders to fight must be issued in accordance with proper authorization from both [legislative and executive] branches" [Berk v. Laird, 429 F. 2d 302, 305 (2nd Cir., 1970)]; (2) authorization from Congress may take the form of an "inference of authorization from legislative action furnishing the manpower and materials of war for * * * military operation" without an

explicit declaration of war [Orlando v. Laird, 443 F.2d p. 1043]; and (3) legislation enacted by Congress in connection with the Vietnam war was sufficient to justify a judicial inference that Congress had in fact authorized the Vietnam war [Orlando v. Laird, pp. 1041–1043]. In reaching that third holding the court made a detailed examination of the relevant statutes and concluded that "There is, therefore, no lack of clear evidence to support a conclusion that there was an abundance of continuing mutual participation in the prosecution of the war. Both branches collaborated in the endeavor and neither could long maintain such a war without the concurrence and cooperation of the other." [Orlando v. Laird, p. 1042]. Finally, at p. 1043, the Second Circuit said:

> "Beyond determining that there has been *some* mutual participation between the Congress and the President, which unquestionably exists here, with action by the Congress sufficient to authorize or ratify the military activity at issue, it is clear that the constitutional propriety of the means by which Congress has chosen to ratify and approve the protracted military operations in Southeast Asia is a political question. The form which congressional authorization should take is one of policy, committed to the discretion of the Congress and outside the power and competency of the judiciary, because there are no intelligible and objectively manageable standards by which to judge such actions."

This court is urged not to follow the *Orlando* decision chiefly on the theory that those who voted in Congress for military appropriations to pay for the Vietnam war did not thereby ratify and approve the President's action. But that theory was satisfactorily answered by Judge Judd in Berk v. Laird, 317 F. Supp. 715, 727–728 (E.D.N.Y., 1970) as well as by Judge Dooling in Orlando v. Laird, 317 F.Supp. 1013, 1019 (E.D.N. Y., 1970), and by Judge Anderson in the Court of Appeals. It is not profitable for another judge to go over the same ground again.

This court is also urged to give relief on the analogy of the Steel Seizure Case, Youngstown Sheet & Tube Co. v. Sawyer, 343 U.S. 579, 72 S.Ct. 863, 96 L.Ed. 1153 (1952). But that case involved Presidential action which was not authorized by Congress, whereas the action taken by the President in Vietnam was repeatedly authorized by Congress.

This court finds no ground not to follow the precedents cited, especially since on not entirely different grounds this court has heretofore reached substantially the same result. United States v. Sisson, 294 F.Supp. 511, 514–515, (D.Mass., 1968). It is a misconception to suppose that the authorities cited leave citizens subject to an unrestrained Presidential power to wage war. On the contrary, at least the more recent cases expressly state, and the earlier cases do not deny, that Congress has the power to determine whether our armed forces should be used in Vietnam. Moreover, the cases recognize that Congress has the means to make its power effective.

Complaint dismissed.