William David ARENDALL, Petitioner,

v.

Michael DUTTON, etc., et al., Respondents.

Civ. A. No. 3:87–0052.

United States District Court, M.D. Tennessee, Nashville Division.

Feb. 5, 1987.

On Motion to Dismiss Petition March 10, 1987.

On Motion for Reconsideration April 17, 1987.

federal writ of habeas corpus. He claims he is in the custody of the respondent-warden pursuant to the judgment of conviction and sentence of October 23, 1972 of the Criminal Court of Tennessee for its (now) 20th judicial district (comprising Davidson County) in violation of the federal Constitution, Sixth Amendment, Right to the Assistance of Counsel Clause, 28 U.S.C. §§ 2241(c)(3), 2254(a).

Mr. Arendall concedes that the claims he seeks to present to this Court were never presented to the courts of Tennessee. He claims, however, that he no longer has available a remedy under the laws of Tennessee.

T.C.A. § 40–30–102 requires that a prisoner of Tennessee seeking to petition for post-conviction relief under T.C.A. title 40, chapter 30, after July 1, 1986, must do so within 3 years of the date of the final action of the highest appellate court of the state to which an appeal has been taken "or consideration of such petition shall be barred." The final action on the applicant's appeal from the aforementioned judgment (in so far as it appertained to Mr. Arendall) was on March 18, 1974. *See, Arendall v. State,* 509 S.W.2d 838 (Tenn. Cr.App.1974), *cert. den.* by S.Ct.Tenn. (1974).

It appears tentatively, therefore, that there is an absence of available state-corrective process to protect the applicant's rights as a prisoner. 28 U.S.C. § 2254(b). Mr. Arendall claims that he was deprived of his federal right to the assistance of counsel because his appointed attorney failed to adequately prepare and present his case on appeal.

Henry A. Martin, Federal Public Defender, Nashville, Tenn., for petitioner.

Jerry Smith and Sharles Bush, Asst. Attys. Gen., State of Tenn., Nashville, Tenn., for respondents.

## MEMORANDUM OPINION, FINDING AND ORDERS

NEESE, Senior District Judge sitting by designation.

The petitioner Mr. William David Arendall applied *pro se* to this Court for the

Mr. Arendall's federal right to the assistance of counsel is his right to the effective assistance of competent counsel. *McMann v. Richardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 1449 [10], 25 L.Ed.2d 763 (1970). "The determination of whether the assistance rendered by counsel is reasonably effective * * * is not to be based solely upon his performance at trial. Con-

sideration of the 'totality of circumstances' encompasses the quality of counsel's assistance from time of appointment * * * through appeal. At the heart of effective representation is the independent duty to investigate and prepare." *Goodwin v. Balkcom*, 684 F.2d 794, 805 (11th Cir.1982).

■ Mr. Arendall claims also that he was deprived of his right of a (first) appeal as of right from his judgment of conviction, Constitution, Fourteenth Amendment § 1, Right to the Due Process of Law Clause. If, as alleged by Mr. Arendall, "the full and complete record of trial was not submitted to the [a]ppellate [c]ourt preventing [it] from hearing certain issues on [a]ppeal," there may have been a frustration of his right to this particular appeal. *Cf. Rodriquez v. United States*, 395 U.S. 327, 330, 89 S.Ct. 1715, 1717[1], 23 L.Ed.2d 340, (1969) (relating to an appeal from a judgment of conviction in a federal court in a criminal action); furthermore, "[a] first appeal as of right * * * is not adjudicated in accord with due process of law if the appellant does not have the effective assistance of an attorney." *Evitts v. Lucey*, 469 U.S. 387, 396, 105 S.Ct. 830, 836, 83 L.Ed.2d 821 (1985).

Therefore, it not appearing plainly on preliminary consideration of the face of the applicant's petition that he is not now entitled to relief in this Court, Rule 4, Rules—§ 2254 Cases, it hereby is

ORDERED that the respondent-warden file an answer in accordance with Rule 5, Rules—§ 2254 Cases, within 23 days herefrom, and that a copy of the petition herein and of this order be served forthwith by the clerk of this Court by certified mail on the respondent-warden and the attorney general and reporter of Tennessee. Rule 4, Rules—§ 2254 Cases. The noticed slow movement of the mail provides good cause for the additional time allowed. 28 U.S.C. § 2243; Rule 81(a)(2), F.R.Civ.P.

Should it be the respondent's contention that the petitioner has not exhausted his available state-remedies, he may limit his answer to such issue, in which event the Court will consider first the exhaustion matter and thereafter will allow the respondent additional time in which to file a supplemental answer, addressing the merits of the petition, as may be indicated. It hereby is

DETERMINED that Mr. Arendall is unable financially to obtain representation of counsel herein and that the interests of justice require that he be furnished such representation. 18 U.S.C. § 3006A(g). Accordingly, it further hereby is

ORDERED that the federal public defender for this District, or his designee, furnish representation herein to the petitioner pursuant to the Plan of this District for furnishing representation for persons unable financially to obtain adequate representation. *Id.*

It is also ORDERED that the clerk of this Court provide such defender with copies of the pleadings herein and of this order and to allow him or her to withdraw in preparation, the entire court file.

## ON MOTION TO DISMISS PETITION

■ The respondent-warden answered the petition herein, *see* order herein of February 5, 1987, and moved this Court to dismiss such petition, claiming that the petitioner Mr. William David Arendall failed to exhaust his available state-remedies as required under 28 U.S.C. §§ 2254(b), (c).

The respondent contends that the recent amendment to Tennessee's post-conviction statute, which imposes a 3–year limitation on filing claims for relief, does not entitle Mr. Arendall to present his unexhausted claims to this Court.

There is no question that the claims Mr. Arendall seeks to present to this Court were never presented to the courts of Tennessee; nor is there any question that, if the statute as amended is applied retroactively, Mr. Arendall would be barred from filing a petition for post-conviction relief in the courts of Tennessee. The respondent argues, however, that the courts of Tennessee have not addressed the issue of how the statute as amended is to be interpreted and applied and that, therefore, there is no way of knowing with certainty that Mr.

Arendall would be precluded from seeking relief under such statute.

The respondent argues further that "[w]hether [Tennessee] entertains collateral relief at this point is a matter of [Tennessee] law to be decided by [Tennessee] courts and not by federal court predictions of what stance those courts will take." *Wilson v. Fogg,* 571 F.2d 91, 95 (2d Cir. 1978). The Court is persuaded by this argument.

Any uncertainties as to whether the courts of Tennessee will consider Mr. Arendall's claim on its merits are not substantial enough to render resort to state-processes futile. *Williams v. Perini,* 557 F.2d 1221, 1224–1225 (6th Cir.1977). Neither do they obviate the need to give the Courts of Tennessee a fair opportunity to pass-upon and correct any constitutional deficiency. *Id.*

This Court hereby FINDS that Mr. Arendall did not exhaust his available state-remedies, by affording the Courts of Tennessee an opportunity to consider the same claims he presents herein. Accordingly, the motion of the respondent-warden for a dismissal of the petition hereby is

GRANTED, and the instant application of the petitioner is DENIED.

Should the petitioner give timely notice of an appeal from this order and the judgment to be entered herein, Rule 58(1), F.R. Civ.P., he is authorized to proceed on such appeal *in forma pauperis.* Rule 24(a), F.R.App.P. Any such notice will be treated also as an application for a certificate of probable-cause, Rule 22(b), F.R.App.P., which will NOT issue because of the petitioner's failure to have exhausted his available state-remedies.

## ON MOTION FOR RECONSIDERATION

The petitioner Mr. William David Arendall moved *pro se* for reconsideration of this Court's order herein of March 10, 1987 which was superseded by his counsel's timely motion for a new trial or, in the alternative, for an alteration or amendment to such order. Rules 59(b), (e), F.R.Civ.P. The latter motion has merit in so far as the

petitioner was denied a certificate of probable-cause to appeal from this Court's final order.

It is contended by the petitioner that his counsel was not served with a copy of the respondent's motion of February 23, 1987 for a dismissal of this proceeding for failure to have exhausted available state-remedies and, accordingly, had no opportunity to advance arguments in opposition thereto. One contention he claims he would have advanced is that there is "an absence of available State corrective process," 28 U.S.C. § 2254(b), by which the petitioner can exhaust his state-remedies, because he is barred therefrom by the 3–year period of limitation of T.C.A. § 40–30–102, as amended by Acts of 1986, chapter 634, § 1 (1986 amendment).

■ This Court addressed previously, order of March 10, 1987, *supra,* at pp. 184–185, the potentiality that the 1986 amendment might be given retroactive effect and concluded that such question is to be decided by the courts of Tennessee and not upon a predication by this Court as to what determination those courts may make. That conclusion was tantamount to a determination that this Court should abstain from decision on the substantial federal-constitutional questions herein until resolution by the Supreme Court of Tennessee of the difficult and unsettled question of Tennessee law posed by the 1986 amendment.

" * * * [F]ederal courts should abstain from decision when difficult and unsettled questions of state law must be resolved before a substantial federal constitutional question can be decided." *Hawaii Housing Authority v. Midikiff,* 467 U.S. 229, 236, 104 S.Ct. 2321, 2327, 81 L.Ed.2d 186 (1984), citing *Railroad Commission of Texas v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). The views of the Supreme Court of Tennessee "with respect to state law are binding on the federal courts" sitting within Tennessee. *Wainwright v. Goode,* 464 U.S. 78, 84, 104 S.Ct. 378, 382, 78 L.Ed.2d 187 (1983).

" * * * [F]ederal courts may, in their discretion, properly withhold the exercise of jurisdiction conferred upon them where

186

there is no want of a suitable forum." *Commonwealth of Massachusetts v. State of Missouri,* 308 U.S. 1, 19, 60 S.Ct. 39, 43[10], 84 L.Ed. 3 (1939). This Court was able to achieve the desired abstention merely by denying the petitioner relief until the salient issue of the law of Tennessee is settled.

 The petitioner claims he would have advanced also the proposition that this Court is bound under the doctrine of *stare decisis* to follow the decision of the United States Court of Appeals for the Sixth Circuit, treating the 1986 amendment retroactively, in *Jones v. State of Tennessee,* 805 F.2d 1034 (1985). "The doctrine of stare decisis does not apply with full force prior to decision in the court of last resort." *Posados v. Warner Barnes & Co.,* 279 U.S. 340, 345, 49 S.Ct. 333, 335[3], 73 L.Ed. 729 (1929).

This Court respectfully does not deem *Jones, supra,* as having "established" the retroactivity of the 1986 amendment as the law of Tennessee but only as "advisory." Such decision by a federal Court, if that be its effect, is not binding on the courts of Tennessee "and may be discredited at any time." *See Moore v. Sims,* 442 U.S. 415, 428, 99 S.Ct. 2371, 2380[7], 60 L.Ed.2d 994 (1979).

"State courts are the principal expositors of state law. Almost every constitutional challenge * * * offers [state courts] the opportunity for narrowing constructions that might obviate the constitutional problem and intelligently mediate federal constitutional concerns and state interests. * * *" *Ibid.,* 442 U.S. at 429, 99 S.Ct. at 2380. One marked state-interest implicated here in the continued efficacy of Tennessee's Habeas Corpus Act, T.C.A. § 40–3808, if the 1986 amendment is adjudicated finally to be retroactive.

The Tennessee Post–Conviction Procedure Act, T.C.A. §§ 40–3801, et seq., which the 1986 amendment amends, was enacted because the Habeas Corpus Act of such state, *supra,* "is limited in its nature and scope." *Luttrell v. State,* 644 S.W.2d 408, 408–409[2] (Tenn.Cr.App.1982). "When federal courts disrupt that [aforemen-

tioned] process of mediation while interjecting themselves in such disputes, they prevent the informed evolution of state policy by state tribunals." *Moore v. Sims, supra,* 442 U.S. at 430, 99 S.Ct. at 2380.

In sum, the uncertainties of whether the courts of Tennessee will entertain this petitioner's claims are not deemed substantial enough in this situation to render futile his making resort to the corrective-processes of the state of Tennessee. *Williams v. Perini,* 557 F.2d 1221, 1224–1225, (6th Cir. 1977). Accordingly, both his *pro se* motion and the motion through his counsel hereby are

DENIED.

Because of the existence of *Jones, supra,* and the general applicability of the doctrine of stare decisis, however, in the event of a timely notice of appeal herein, such notice will be treated as an application for a certificate of probable cause, which WILL issue.