889 F.2d 1095
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Darryl A. JENKINS, and other Mercer Island Residents,
Plaintiff-Appellant,
v.
Edward E. COLE, and his business, Wescom Communications,
Defendant-Appellee.
 No. 88-4386.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 31, 1989.*
Decided Nov. 27, 1989.
 Before ALARCON, O'SCANNLAIN and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Darryl A. Jenkins appeals from the district court's denial of class certification under Fed.R.Civ.P. 23, dismissal of his complaint for lack of standing, and denial of a preliminary injunction. We affirm.
 
 
 3
 Jenkins' pro se complaint roughly alleges that Cole, who certifies police radar detectors, has lied about the accuracy of radar detectors, resulting in many wrongful convictions for speeding in the Mercer Island area, including Jenkins' son's conviction. He brings this action on behalf of himself and the residents of Mercer Island.
 
 
 4
 The district court did not abuse its discretion in denying class certification. The class representative must possess the same interest and suffer the same injury as the class. General Tele. v. Falcon, 457 U.S. 147, 156 (1982). Jenkins does not allege that he was wrongfully convicted of speeding due to Cole's actions. Jenkins also fails to allege an injury to the proposed class. The district court properly denied class certification.
 
 
 5
 The district court dismissed Jenkins' complaint for lack of standing which we treat as a dismissal of the action. See Hoohuli v. Ariyoshi, 741 F.2d 1169, 1171 N. 1 (9th Cir.1987). To establish standing, the plaintiff must assert an injury. Laird v. Tatum, 308 U.S. 1, 13-14 (1971) (mere existence of government surveillance not enough to establish injury where plaintiffs were not subjected to surveillance); see Waste Management of North America v. Weinberg, 862 F.2d 1393, 1397-98 (9th Cir.1988) (contractor did not have standing to challenge procurement process where it had not submitted a bid). Since Jenkins did not allege that he was wrongfully convicted, he asserts no injury and fails to establish standing to seek relief, including preliminary injunctive relief.
 
 
 6
 Finally, Cole asks that we award sanctions pursuant to Fed.R.App.P. 38. We agree with Cole that this appeal is frivolous and accordingly we award him attorney's fees and double costs.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument pursuant to Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3