## PREMIER MALT PRODUCTS CO. v. G. A. ACKERMAN PRINTING CO., Inc., et al.

Circuit Court of Appeals, Seventh Circuit.
June 3, 1927.

No. 3866.

**1. Abatement and revival ⬚12—Pendency of action in state court concerning same matter is no bar to federal court suit, nor ground for plea in abatement.**

Pendency of action in state court is no bar to suit concerning same matter in federal court having jurisdiction, nor is it ground for plea in abatement.

**2. Abatement and revival ⬚17—Pendency of another action in state court, if constituting defense, should be set up by answer and determined on evidence in open court.**

Allegations of another action pending in state court, even if constituting defense in suit in federal court concerning same matter, should be set up as defense by answer and heard in the usual way on the introduction of evidence in open court.

**3. Courts ⬚351½—Dismissal on merits cannot be upheld, as within court's discretionary power to enforce order requiring bill of particulars by imposing penalties (equity rule 20).**

Decree of dismissal on the merits against plaintiff cannot be upheld, as being within discretionary power of the court under equity rule 20 to enforce compliance with order requiring plaintiff to file bill of particulars by imposing terms or penalties.

**4. Conspiracy ⬚18—Complaint charging defendants jointly and severally with infringement and unfair competition held to require answer.**

Complaint charging that defendants jointly and severally committed acts of infringement of copyright and trade-mark and unfair competition charged in pursuance of a common plan, and that one of defendants printed the labels and others used them on their products in pursuance of the common plan alleged, *held* sufficient to require answer as against contention that it did not sufficiently aver conspiracy between defendants.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit by the Premier Malt Products Company against the G. A. Ackerman Printing Company, Inc., and others. From a decree of dismissal, plaintiff appeals. Reversed, with direction.

Allen M. Reed, of Chicago, Ill., for appellant.

George L. Wilkinson, of Chicago, Ill., for appellees.

Before ALSCHULER, EVAN A. EVANS, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. Appellant filed its complaint in the court below against appellees and one Sterrick for infringement of a copyright, a trade-mark, and for unfair competition. Local counsel appeared as solicitors for all the defendants. For Sterrick they filed a motion to dismiss for lack of jurisdiction over him, he not being a resident of the district. For appellees they filed separate motions to dismiss for misjoinder of parties and for multifariousness. The court sustained Sterrick's motion, dismissed the suit as to him, and overruled the motions of appellees.

Afterward new counsel, who had not theretofore appeared in the case, served notice on the attorneys of record and upon "solicitor for certain defendants," that they would, on the day of the notice, or as soon thereafter as counsel could be heard, move the court for an order substituting their appearance as solicitors for the G. A. Ackerman Company, and that they would further move the court to dismiss the proceedings "as per verified petition, copy of which is attached hereto."

This petition is inartistically drawn, but, construing it most strongly in favor of instead of against the pleader, it is a plea of another action pending between the same parties, upon the same subject-matter, in the Court of Chancery of the state of Delaware, in and for Newcastle county. The court sustained the motion to dismiss and entered the following order:

"On motion of the Solicitors for G. A. Ackerman Printing Company, Inc., and the Solicitors for Prima Company, a corp., and The Heissler & Junge Co., a corporation, defendants herein, and the verified petition of G. A. Ackerman Printing Company, Inc., filed herein, wherein the other defendants join, and authenticated copy of the bill of complaint in the case of Premier Malt Products Company against National Food Corporation pending in the Court of Chancery of the State of Delaware in and for Newcastle County, filed herein, due notice hereof having been given to the solicitors for plaintiff herein, and the Court having heard the arguments of counsel, and being fully advised in the premises, doth order, adjudge, and decree, that the above entitled cause be and the same is hereby dismissed, at plaintiff's costs."

[1] The only error assigned is the order of the court dismissing the cause. The petition seems to have been treated by the parties and the court as a plea in bar. It is not good as a plea in bar. In McClellan v. Carland, 217 U. S. 268, on page 282, 30 S. Ct. 501, 505 (54 L. Ed. 762) the court said:

"The rule is well recognized that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the federal court having jurisdiction, for both the state and federal courts have certain concurrent jurisdiction over such controversies, and when they arise between citizens of different states the federal jurisdiction may be invoked, and the cause carried to judgment, notwithstanding a state court may also have taken jurisdiction of the same case."

Nor is it good as a plea in abatement. "But it has been frequently held that the pendency of a suit in a state court is no ground even for a plea in abatement to a suit upon the same matter in a federal court." Gordon v. Gilfoil, 99 U. S. 168, on page 178 (25 L. Ed. 383).

[2] Even if the matter set up in the petition amounted to a defense to the cause of action stated in the complaint, we cannot understand the procedure upon it. Facts constituting a defense should be set up by answer, and the truth of the facts determined at a hearing upon evidence. Plaintiff in error was entitled to have any defense to its complaint set up in the regular way by answer, and the cause set down and heard in the usual way upon the introduction of evidence in open court.

The notice given by the substituted attorneys, that they would present this verified petition to the court, was given to counsel for appellees. While the notice was also addressed to counsel for appellant, the record does not show that they were served with the notice, or that they were present when the action of the court was invoked or obtained. We know of no authority for such procedure as was followed in this case.

[3] Appellees' counsel now insist that the order or decree dismissing the cause should be upheld, if there be any good ground for it. Two grounds are suggested: (a) Failure of appellant to comply with an order to file a bill of particulars; and (b) insufficiency of the complaint.

(a) On November 8, 1926, the court entered the following order: "On motion of defendants' attorney, it is ordered that the plaintiff be and it is hereby required to file a bill of particulars herein within 30 days." There does not appear any motion in writing for a bill of particulars, and the order does not indicate to what such particulars should be addressed.

The action of the court was taken on December 9, the day after the expiration of the 30 days. No mention of the failure to comply with the order was made by the court in its ruling. It is sought to uphold this ruling for failure to file a bill of particulars as ordered, under equity rule 20, which reads as follows:

"A further and better statement of the nature of the claim or defense, or further and better particulars of any matter stated in any pleading, may in any case be ordered, upon such terms, as to costs and otherwise, as may be just."

Under this it is insisted that it places within the discretion of the trial court the right to enforce compliance with this order by imposing terms or penalties within its discretion. Conceding this, it can hardly be contended that a decree upon the merits against the plaintiff is within the discretionary power of the court under rule 20.

[4] (b) It is urged that the complaint is not good because it does not sufficiently aver a conspiracy between the appellees. It charges that they, jointly and severally, committed the acts of infringement and unfair competition charged, that they jointly committed the acts in pursuance of a common plan, that the Ackerman Company printed the labels, and that the other appellees used them upon their products in pursuance of the common plan alleged. We think the complaint is sufficient to require an answer.

The decree is reversed, with direction to proceed in accordance with the views herein expressed.