LIBERTY MUTUAL INSURANCE COMPANY, a Corporation, Plaintiff-Appellant,

v.

The PENNSYLVANIA RAILROAD COMPANY, a Corporation, the Indianapolis Union Railway, a Corporation, Defendants-Appellees.

No. 14082.

United States Court of Appeals Seventh Circuit.

Oct. 1, 1963.

F. Boyd Hovde, R. Stanley Lawton, Indianapolis, Ind., Ross, McCord, Ice

& Miller, Indianapolis, Ind., of counsel, for Liberty Mut. Ins. Co.

George C. Forrey, III, Indianapolis, Ind., White, Raub & Forrey, Indianapolis, Ind., for defendant-appellee Pennsylvania Railroad Co.

Karl J. Stipher, Stephen W. Terry, Jr., Indianapolis, Ind., Baker & Daniels Indianapolis, Ind. of counsel, for defendant-appellee Indianapolis Union Ry. Co.

Before HASTINGS, Chief Judge, and CASTLE and SWYGERT, Circuit Judges.

HASTINGS, Chief Judge.

This is an action by plaintiff insurance carrier, Liberty Mutual Insurance Company (Liberty Mutual), to recover sums of money it paid in settlement of property damage claims pursuant to its insurance contract. Recovery was sought from defendants, The Pennsylvania Railroad Company (Pennsylvania), and The Indianapolis Union Railway (Union), the alleged wrongdoers whose alleged negligence is charged to have caused the property damage in question.

This action was filed in the United States District Court for the Southern District of Indiana, Indianapolis Division.

Jurisdiction in the district court was based on diversity of citizenship and the requisite amount in controversy. Federal jurisdiction has been admitted by defendants and stipulated by the parties in pretrial conference and is not in controversy.

The action was dismissed, without prejudice, by the district court following a pretrial conference. The dismissal was grounded on the finding of the district court that the claims of the parties could be resolved in one action, either in the district court or in two pending actions in the state courts of Indiana, and the refusal of plaintiff to agree thereto.

This appeal is from the judgment of dismissal.

On March 3, 1960, a collision occurred between a train owned and operated by Pennsylvania and a semi-tractor trailer. The tractor unit was owned by A. J. Giddens and was pulling a trailer owned by Turner Trucking Company, both of which were leased to Ziffrin Truck Lines, Inc. In the trailer was a cargo of candy owned by Peter Paul, Inc. and consigned to Ziffrin for shipment. Liberty Mutual had insured Ziffrin against damage to the cargo and trailer, but not the tractor unit. It paid Turner and Peter Paul for their losses. Peter Paul assigned to Liberty Mutual its claims arising out of the collision. Liberty Mutual by paying Turner became subrogated to Turner's rights.

Four lawsuits were instituted as a result of this collision, one in the United States District Court and three in state courts of Marion County, Indiana.

The first suit was brought by Giddens against Pennsylvania in the Municipal Court of Marion County. He sought to recover for the damage to his tractor unit. A trial of this action resulted in a judgment in favor of Pennsylvania.

The second suit was filed by Liberty Mutual on February 16, 1962, in the federal district court. This is the action now before us. We are not concerned with the merits of the case in this appeal.

The third suit was commenced on February 28, 1962, by Liberty Mutual and Ziffrin in the Superior Court of Marion County. The same issues were raised and the same relief sought in this action as in the district court litigation. The only difference between the two actions was that Ziffrin was a party to the suit in the Superior Court of Marion County but was not a party to the suit in the district court.

The fourth suit was instituted by Pennsylvania against Ziffrin in the Superior Court of Marion County. This was subsequently venued to the Circuit Court of Morgan County. Pennsylvania sought recovery for the damage to its railroad engine.

At the pretrial conference, the attention of the district court was directed toward the other three lawsuits. The court pointed out that under Indiana law

there was no judgment by estoppel and therefore a judgment in the district court would not preclude Ziffrin's suit against Pennsylvania in the Superior Court of Marion County. The district court informed the parties that all the issues of the case should be resolved by either the district court or the Superior Court of Marion County, in order to obtain complete justice and avoid multiple litigation.

This would be achieved in the district court if Liberty Mutual and Ziffrin would dismiss their pending suit in the Superior Court of Marion County and thus permit the decision of the district court to end the litigation, except as to the claim of Pennsylvania against Ziffrin. Failing in this, the district court stated it would allow the Superior Court of Marion County to resolve all the issues by granting a motion to dismiss the pending action, provided Pennsylvania and Union would admit the jurisdiction of the Superior Court of Marion County.

Pennsylvania and Union agreed to submit to the jurisdiction of the Superior Court of Marion County and litigate all issues in that action. Liberty Mutual refused to dismiss its federal action and replied that it and Ziffrin would dismiss their case in the Superior Court of Marion County, but only after a decision by the district court on the merits. The district court thereupon sustained a motion to dismiss.

Liberty Mutual contends in this proceeding that a district court has no discretion to withhold its diversity jurisdiction by reason of a pending suit in a state court which would more completely dispose of the issues than the suit in the district court. In the alternative, Liberty Mutual argues that if a district court does have such discretionary powers, they were abused in this case.

The primary issue for determination on this appeal is whether the district court has the authority to impose the sanction of dismissal under the facts of this case.

At the outset, it should be stated that the motives behind the district court's action are to be commended. Federal courts properly have a genuine concern about crowded court dockets and the avoidance of unnecessary multiple litigation. The failure of the parties to arrive at some reasonable accord to achieve this end affords no ground for applause.

However, under the facts of this situation before us and in the absence of any legal justification for the action taken, we are constrained to hold that the district court erred in invoking the sanction of dismissal of the pending action. We can find no authority giving support to the action taken. There is good authority that this may not be done.

In McClellan v. Carland, 217 U.S. 268, 30 S.Ct. 501, 54 L.Ed. 762 (1910), it appears that plaintiff filed a diversity action in federal court (then called the circuit court of the district) to determine heirship and for an accounting and distribution of assets of an estate. The defendant administrator answered. The State of South Dakota sought to intervene. The trial court denied the petition to intervene but entered an order staying the action for 90 days to permit the State of South Dakota to commence proceedings in the state court to establish its interest in the estate, if any. The stay order further provided that if such state court action was commenced, the action in federal court should be further stayed pending the outcome of the state court action. Plaintiff's motion to vacate the stay was denied and plaintiff sought relief by mandamus in the court of appeals. The court of appeals dismissed the petition for mandamus.

The Supreme Court reversed and in so doing said:

> "It cannot be denied that a Circuit Court of the United States, like other courts, had power to postpone the trial of cases for good reasons, but by the orders made in this case the Federal court withheld the further exercise of its authority until the state court, by its action in a case involving all the parties, might render a judgment which would be *res judicata,* and thus prevent fur-

ther proceedings in the Federal court.

"The rule is well recognized that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction, for both the state and Federal courts have certain concurrent jurisdiction over such controversies, and when they arise between citizens of different States the Federal jurisdiction may be invoked, and the cause carried to judgment, notwithstanding a state court may also have taken jurisdiction of the same case. In the present case, as far as the record before the Circuit Court of Appeals discloses, the Circuit Court of the United States had acquired jurisdiction, the issues were made up, and when the State intervened the Federal court practically turned the case over for determination to the state court. We think it had no authority to do this, * * *." Id. 217 U.S. at 281–282, 30 S.Ct. at 504, 54 L.Ed. 762.

In Kline v. Burke Const. Co., 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226 (1922), plaintiff filed a diversity action in a federal district court in Arkansas for breach of contract between the parties concerning the paving of certain streets. Subsequently, defendants sued plaintiff in an Arkansas state court upon the same contract, joining as defendants the sureties on the performance bond. Both parties counterclaimed in the suits in which they were defendants and both cases presented the same issues. The plaintiff in the federal court action sought to enjoin the further prosecution of the state court action. The district court denied the injunction and the court of appeals reversed and remanded the case to the district court with directions to issue an injunction against the prosecution of the state court action. Both actions were in personam, each being for a money judgment only.

The Supreme Court reversed. It recognized that where the action is in rem and a federal court has first acquired jurisdiction of the subject-matter of a cause, "it may enjoin the parties from proceeding in a state court of concurrent jurisdiction where the effect of the action would be to defeat or impair the jurisdiction of the federal court," and that the converse of such a rule is equally true. Id. 260 U.S. at 229, 43 S.Ct. at 81, 67 L. Ed. 226.

However, the Supreme Court distinguished actions in personam from those in rem and held that in actions in personam, involving a question of personal liability only, that jurisdiction in the one court is not affected by jurisdiction in the other. The Court further held that the plaintiff in the federal court case "had the undoubted right under the [diversity] statute to invoke the jurisdiction of the federal court and that court was bound to take the case and proceed to judgment. It could not abdicate its authority or duty in favor of the state jurisdiction." Id. 260 U.S. at 234, 43 S.Ct. at 82, 67 L.Ed. 226, citing McClellan v. Carland, supra.

In Kline, the Supreme Court cited with approval and quoted at length from Baltimore & O. R. Co. v. Wabash R. Co., 7 Cir., 119 F. 678, 679–680 (1902), in support of the rule "that where the action first brought is in personam and seeks only a personal judgment, another action for the same cause in another jurisdiction is not precluded." Id. 260 U.S. at 230, 43 S.Ct. at 87, 67 L.Ed. 226. To the same effect are Premier Malt Products Co. v. G. A. Ackerman Printing Co., 7 Cir., 24 F.2d 89, 90 (1927); Ermentrout v. Commonwealth Oil Company, 5 Cir., 220 F.2d 527, 530 (1955); Popp v. Archbell, 4 Cir., 203 F.2d 287, 289 (1953); Boston & M. R. R. v. Dutille, 1 Cir., 289 F. 320, 321–322 (1923).

Appellees argue that the law has changed since the decision in McClellan v. Carland, supra. We do not agree. They cite and rely upon Koster v. Lumbermens Mutual Co., 330 U.S. 518, 67 S. Ct. 828, 91 L.Ed. 1067 (1947). This was a derivation action brought in a federal district court in New York. Jurisdiction

was based on diversity of citizenship. Relief sought was an accounting and damages. There was no similar action pending in any other court. Defendant's home and principal place of business were in Illinois. The Supreme Court upheld a dismissal of the action under the doctrine of *forum non conveniens*.

On the same day, in Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L. Ed. 1055 (1947), the Supreme Court affirmed the dismissal of a diversity damage action by a federal district court in New York pursuant to the doctrine of *forum non conveniens*. Again, there was no similar action pending elsewhere. The Court held that both state and federal courts in Virginia were available to plaintiff and jurisdiction could be obtained over defendant there.

In neither of these two cases was plaintiff remitted to a pending state court action. The recognized doctrine of *forum non conveniens* is not applicable to the case at bar and the dismissal by the district court was not grounded on this doctrine.

Massachusetts v. Missouri, 308 U.S. 1, 60 S.Ct. 39, 84 L.Ed. 3 (1939) is readily distinguished. There Massachusetts sought to invoke the original jurisdiction of the Supreme Court under Article III, § 2 of the Constitution. It attempted to resist the levying of an estate tax on its citizens by Missouri. The Court held there was no justiciable controversy between the two states and that it had no jurisdiction.

Appellees lay particular stress on a split decision by the Second Circuit in Mottolese v. Kaufman, 2 Cir., 176 F.2d 301 (1949). We do not regard this case to be applicable to the case at bar. In Mottolese, the court was considering the discretionary right of a district court to stay pending diversity stockholder derivative actions where it appeared that other pending state court litigation involving the same matters, which had been previously filed, would reach trial first. The court held that the district court had not abused its discretion in granting a stay, having proper regard for the autonomy of the states or the convenience of the parties.

Without expressing any opinion on the correctness of the holding in Mottolese, although we do find Judge Frank's powerful dissent persuasive, it is not applicable to the question before us for decision. We are not here concerned with a stay of proceedings pending determination of the issues by a state court. We are faced with a dismissal of the action in federal court, an abdication of federal jurisdiction in an *in personam* proceeding and a remandment of the parties to a state court.

Other cases relied on by appellees are readily distinguishable on one or more of the foregoing grounds and require no further comment here.

Further, we are not here concerned with the federal doctrine of abstention, under which a district court may decline to exercise or postpone the exercise of its jurisdiction. The Supreme Court has said that this doctrine "is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." Allegheny County v. Frank Mashuda Co., 360 U.S. 185, 188, 79 S.Ct. 1060, 1062, 3 L.Ed.2d 1163 (1959). The Court recognized that such exceptions were concerned with constitutional questions, disruption of a state administrative process, interference with the collection of state taxes or the creation of needless friction by unnecessarily enjoining state officials from executing domestic policies. Id. 360 U.S. at 189, 79 S.Ct. at 1063, 3 L.Ed.2d 1163. None of these hazards is present here.

We do not predicate our decision on the distinction between a stay and a dismissal.[1] We are not required to determine whether the district court, under the facts in this case, would have been justified in staying the action in that court pending determination of the controversy in the state courts. However, a reading of the foregoing authorities makes it

---

1. See 1A Moore, Federal Practice ¶ 0.203, at 2101 (2d ed. 1961).

crystal clear that aside from matters of convenience or those justifying abstention, a stay could be upheld only in most unusual or exceptional situations.

For the foregoing reasons, we hold that in an *in personam* action to recover money damages paid pursuant to insurance contracts for damage to property occasioned by negligence, a federal district court is without authority to abdicate its admitted diversity jurisdiction by dismissing the action solely on the ground that other litigation is pending in a state court involving substantially the same parties and subject matter in order to obtain complete justice and avoid multiple litigation.

The judgment of dismissal is reversed and this cause is remanded to the district court for further proceedings not inconsistent with this opinion.

Reversed and remanded.