S. K. OLIVAR CO., INC., a corporation, Plaintiff,

v.

DENTON ENTERPRISES, INC., a Michigan Corporation, and Holloway Construction Company, a Michigan Corporation, a joint venture, Defendants, Third Party Plaintiffs,

v.

The ILLINOIS STATE TOLL HIGHWAY AUTHORITY, Third Party Defendant.

Nos. 75 C 4200, 75 C 4201 and 75 C 4381.

United States District Court, N. D. Illinois, E. D.

May 28, 1976.

Michael W. Coffield, Coffield, Ungaretti & Ryan, Ltd., for plaintiff.

Butzel, Long, Gust, Klein & Van Zile, Detroit, Mich., for Denton Enterprises, Inc.

William J. Scott, by Malcolm E. Erickson, Oakbrook, Ill., for Illinois State Toll Highway Authority.

## MEMORANDUM OPINION

GRADY, District Judge.

The Illinois State Toll Highway Authority (Authority) has moved to dismiss these three related actions against it on the ground, *inter alia*, that there is currently a lawsuit pending in the Circuit Court of Cook County involving the identical parties and issues present in 75 C 4381 and the third party actions in 75 C 4200 and 75 C 4201. *Denton Enterprises, Inc. v. Illinois State Toll Highway Authority*, No. 75 L 23960. We have decided that, rather than dismissing these actions, we should stay them under the doctrine of abstention, pending the outcome of the state court

case.[1] In that way, difficult questions of state law will be decided by the state courts, and it may become unnecessary to decide the federal constitutional question raised here.

These three actions were brought by Denton Enterprises, Inc. (Denton), a general contractor for the Authority, seeking recovery from the Authority for claims made against it by subcontractors. The Authority has defended in part on the ground that it is immune from suit under the Eleventh Amendment and the statute creating the Authority. Denton responds that the Authority is not an instrumentality of the state for purposes of the Eleventh Amendment. It also contends that the statute does not grant the Authority immunity in this type of case and that, if it does, the statute is unconstitutional. Resolution of these questions requires interpretation of the Illinois Toll Highway Authority Act, Ill.Rev.Stat. ch. 121 § 100–1 et seq.

In *People v. Illinois State Toll Highway Commission*, 3 Ill.2d 218, 120 N.E.2d 35 (1954), the Illinois Supreme Court held that the limited consent to suit contained in the Act's predecessor statute was constitutional. The Act had been challenged on the ground that the consent to suit was in violation of Article IV, § 26 of the 1870 Constitution, which prohibited suit against the state. The court held that, primarily because the obligations of the Commission, the Authority's predecessor, were not to be paid out of the state's general fund, the Commission was an independent entity and not part of the state for purposes of suit.

Under the present Act, the general funds are similarly unavailable to satisfy the Commission's obligations. We, therefore, think it probable that the Authority is not immune from suit under the Eleventh Amendment. We need not reach that issue, however, because, assuming the Amendment does not apply, we would then need to

decide whether the Authority is immune under Ill.Rev.Stat. § 100–31, which reads:

The State of Illinois hereby consents to suits against the Authority solely as in this section provided:

(a) The holder or holders of any bonds or coupons issued by the Authority may bring suits at law or proceedings in equity to compel the observance by the Authority or by any of its officers, agents or employees of any contract or covenant made by the Authority with the holders of such bonds or coupons, and to compel the Authority and any of its officers, agents or employees to perform any duties required to be performed for the benefit of the holders of said bonds or coupons by the provisions of the resolution authorizing their issuance, or by this Act, or to enjoin the Authority and any of its officers, agents or employees from taking any action in conflict with such contract or covenant.

(b) Any person or persons may bring suit at law to recover damages for injury to his person or property caused by any act of the Authority or by any act of any of its officers, agents or employees done under its direction.

This section has never been interpreted by the Illinois courts.

The Authority contends that, aside from suits by bondholders, this section provides that it may be sued only in tort actions for personal injury or property damage. Denton, on the other hand, asserts that the consent to suit extends to contract actions resulting in loss of property and that, in any event, part of its action "sounds in tort" since it is based on allegations of fraud. The statute in question is far from clear on this point, and both sides have presented strong arguments to support their contentions. Moreover, resolution of the question may in turn present a state constitutional issue for, if we decide that the statute confers immunity, we would

---

1. Although the abstention issue was not directly raised by the Authority, the court may raise the issue itself and abstain on its own motion. *AFA Distributing Co. v. Pearl Brewing Co.*, 470 F.2d 1210 (4th Cir. 1973); cf. *Wisconsin v. Constantineau*, 400 U.S. 433, 437, 91 S.Ct. 507, 27 L.Ed.2d 515 (1970).

then be faced with the question of whether such immunity was a violation of the Illinois Constitution. The Illinois courts are in a better position than this court to decide those questions. Only if the statute is held to confer immunity and such immunity is held to be valid under the state constitution, would there arise a federal issue, namely the validity of the statute under the federal constitution.

■ Under similar circumstances, the Supreme Court has held that the district court should abstain from deciding a potentially needless constitutional issue until the state courts have decided the state law questions. In the leading case in this area, *Railroad Commission v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), the court ordered the district court to stay an action challenging the constitutionality of an order of the Texas Railroad Commission until the parties had had an opportunity to obtain a ruling from the state courts on whether the order was authorized by Texas law. There was no state court case pending at the time of that decision.

In *Chicago v. Fieldcrest Dairies, Inc.,* 316 U.S. 168, 62 S.Ct. 986, 86 L.Ed. 1355 (1942), a milk distributor sought a declaratory judgment that its paper milk cartons were not prohibited by a Chicago ordinance or that, if they were, the ordinance was invalid under a state statute and the state and federal constitutions. A lawsuit seeking identical relief had been brought by the plaintiff's parent corporation in state court. The court held that the district court should abstain until the state case had been decided:

> We are of the opinion that the process which we followed in the *Pullman* case should be followed here. Illinois has the

final say as to the meaning of the ordinance in question. It also has the final word on the alleged conflict between the ordinance and the state Act. The determination which the District Court, the Circuit Court of Appeals, or we, might make could not be anything more than a forecast—a prediction as to the ultimate decision of the Supreme Court of Illinois.

*Id.* at 171–72, 62 S.Ct. at 988.

Behind this line of cases are two important considerations: First, if the federal action is stayed, decision of the constitutional issue might later become unnecessary; second, the state court should decide difficult questions of state law. Both considerations are present here. To be sure, the constitutional challenge to the state statute in this case was not vigorously pressed, but it is present nonetheless. Indeed, in *Fieldcrest, supra,* the court said the constitutional issue there presented was "an issue which lurks in the case though it not be deemed substantial." 316 U.S. at 173, 62 S.Ct. at 988. *See also AFA Distributing Co. v. Pearl Brewing Co.,* 470 F.2d 1210 (4th Cir. 1973), where, for purposes of applying the abstention doctrine, the court appeared to strain to find a contract clause issue not raised by the parties.

Subsequent cases have demonstrated that other considerations may also warrant abstention. For example, in *Kaiser Steel Corp. v. W. S. Ranch Co.,* 391 U.S. 593, 88 S.Ct. 1753, 20 L.Ed.2d 835 (1968), the court ordered stay of a diversity action involving questions of New Mexico constitutional interpretation until a pending state case involving those issues could be decided. No question of federal constitutional law was involved. The factors present in that case are all present here. There was a pending state court case involving identical issues, as there is here.[2] The issue was novel and

---

2. The Court in *Meredith v. Winter Haven,* 320 U.S. 228, 64 S.Ct. 7, 88 L.Ed. 9 (1943), held that there is an exception in cases like the present one to the rule that abstention is inappropriate where there is merely a difficult issue of state law. "It is the court's duty to [abstain] when a suit is pending in the state courts, where the state questions can be conveniently and authoritatively answered, at least where the parties to the federal action are not strangers to the State

action." *Id.* at 236, 64 S.Ct. at 12. Moreover, in holding that there was no consideration present to justify abstention, the court stated, "No litigation is pending in the state court in which the questions here presented could be decided." *Id.* at 237, 64 S.Ct. at 12. *See also Phillips, Nizer, Benjamin, Krim & Ballon v. Rosenstiel,* 490 F.2d 509 (2d Cir. 1973); *Bassler v. Arrowood,* 500 F.2d 138 (8th Cir.), *cert. de-*

important to the state. There it involved the use of water, a vital natural resource in New Mexico. Here it is whether an entity created by the legislature is immune from suit. *See also Surowitz v. New York City Employees' Retirement System*, 376 F.Supp. 369, 377 (S.D.N.Y.1974).

Accordingly, further proceedings in 75 C 4381 and in the third party actions in 75 C 4200 and 75 C 4201 are stayed pending the outcome of *Denton Enterprises, Inc. v. Illinois State Highway Authority*, No. 75 L 23960, in the Illinois courts.

*nied*, 419 U.S. 1116, 95 S.Ct. 796, 42 L.Ed.2d 815 (1974).

In *Liberty Mutual Insurance Co. v. Pennsylvania R.R.*, 322 F.2d 963 (7th Cir. 1963), which preceded *Kaiser*, the court held that an *in personam* diversity suit could not be dismissed because of a pending identical case in state court. The court did state that a stay could be upheld "in most unusual or exceptional circumstances." *Id.* at 968. The issues involved in that case were not novel as they are here. Even in the absence of constitutional issues, the presence of novel and difficult questions of state statutory construction must be regarded as such exceptional circumstances.