12 F.3d 211
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael Anthony BARNES, Plaintiff-Appellant,
v.
Jack C. LEWIS, Commissioner, Kentucky Corrections Cabinet;
Dewey Sowders, Deputy Commissioner; Dewey Sowders, Warden,
Northpoint Training Center; Ruth Ryan, Records Supervisor,
Northpoint Training Center; Trena Rogers, Grievance
Coordinator, Northpoint Training Center; Charles T.
Milburn, Caseworker, Northpoint Training Center, Defendants-Appellees
 No. 93-5698.
 United States Court of Appeals, Sixth Circuit.
 Dec. 10, 1993.
 
 E.D.Ky., No. 93-00015; Hood, J.
 E.D.Ky.
 AFFIRMED.
 Before: JONES and SUHRHEINRICH, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Michael Anthony Barnes, a pro se Kentucky prisoner, appeals a district court order dismissing his complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking declaratory and injunctive relief, plaintiff alleged five days of his Meritorious Good Time (MGT) credits for May of 1983 have not been awarded or have been improperly forfeited in violation of his Fourteenth Amendment due process rights.
 
 
 3
 The case was submitted to a magistrate judge who recommended that plaintiff's complaint be dismissed sua sponte pursuant to 28 U.S.C. Sec. 1915(d). The magistrate judge reasoned that plaintiff sought a speedier release from prison and that his sole remedy was a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 490 (1973). Moreover, the magistrate judge concluded that plaintiff had not instituted state proceedings seeking restoration of his good time credits by exhausting available state court remedies. See Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam) (exception to habeas corpus exhaustion requirement only if there is no opportunity to obtain redress in state court). Upon de novo review, the district court adopted the magistrate judge's report and recommendation over plaintiff's objections. The district court held that Barnes may have exhausted his state court remedies. Nevertheless, a Sec. 1983 action was improper when the correct action should have been brought under Sec. 2254.
 
 
 4
 Upon review, we find no error. Plaintiff's complaint was properly construed as seeking habeas corpus type relief and therefore presents no arguable basis in law under 42 U.S.C. Sec. 1983.
 
 
 5
 The Supreme Court has addressed the interrelationship between 42 U.S.C. Sec. 1983 and 28 U.S.C. Sec. 2254. In Preiser v. Rodriguez, 411 U.S. at 490, the Court held that if a prisoner challenges the fact or duration of his confinement and seeks a speedier or immediate release, his sole remedy is a writ of habeas corpus. Therefore, if such a claim is asserted in a 42 U.S.C. Sec. 1983 suit and only equitable relief is sought (as in the immediate case), the suit should be dismissed.
 
 
 6
 As was the case in Preiser, the prison program in this case enables an inmate to be granted early parole and to be released from prison before the end of his sentence. 411 U.S. at 477 (earned "good-behavior-time" credit toward maximum term of sentence). Therefore, since plaintiff's claim relates to the actual duration of confinement, it cannot properly be brought as a Sec. 1983 action, and the district court's conclusion that plaintiff sought habeas corpus type relief is not in error.
 
 
 7
 Accordingly, the district court order dismissing the complaint is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit, for the reasons set forth in the magistrate judge's report and recommendation as adopted by the district court.