Petitioner-appellant, Larry R. Smith, appeals the denial of a writ of habeas corpus filed in the Madison County Court of Common Pleas. We affirm the trial court's judgment.
Appellant, proceeding pro se, is incarcerated at the Madison Correctional Institution in London, Ohio. Respondent-appellee, Curtis Wingard, is the warden of the institution. Appellant filed a petition for a writ of habeas corpus pursuant to R.C. 2725.01, alleging that he is unconstitutionally imprisoned by virtue of two separate judgments.
According to appellant's petition, his first conviction resulted in a three to ten year sentence imposed by the Perry County Common Pleas Court; appellant's second conviction resulted in a seven to twenty-five year sentence imposed by the Muskingum County Common Pleas Court. Appellant alleges that appellee has violated his constitutional rights of "due process and procedure [sic] due process by changing altering and amending the kournal [sic] entry of the court of common pleas Muskingum County Ohio case No C-81-3 to read amended from seven 7 years to twenty-five 25 years conviction to read ten 10 to thirty-five 35 year sentence." Appellant apparently alleges that the amending of the journal entry of Muskingum County was not valid and unconstitutionally increased his sentence.
The trial court dismissed appellant's habeas corpus petition pursuant to R.C. 2725.05, which provides "[i]f it appears that a person alleged to have been restrained of his liberty is in the custody of an officer under process issued by a court or magistrate, or by virtue of a judgment or order of a court of record, and that court or magistrate has jurisdiction to issue the process, render the judgment, or make the order, the writ of habeas corpus shall not be allowed." Upon finding that appellant had raised no jurisdictional issues, the trial court granted appellee's motion to dismiss.
Appellant does not set forth any assignments of error, but apparently argues that the writ of habeas corpus should be granted because his Perry County sentence has expired or has been served. The court will construe this argument as an assignment of error. A prisoner is not entitled to release after serving his minimum sentence, but may petition for a writ of habeas corpus only if "his maximum sentence has expired and that individual is being held unlawfully." Frazier v. Stickrath (1988), 42 Ohio App.3d 114,115-116.
Assuming in appellant's favor that the two sentences are being served concurrently, and assuming that the judgment entry in Muskingum County was not properly amended, appellant's maximum sentence is at least twenty-five years. Appellant has served only the minimum time under his sentence. Accordingly, appellant is not entitled to a writ of habeas corpus on the ground that his sentence has expired or been served.
Additionally, the Supreme Court of Ohio has held that sentencing errors are "not of the nature which are cognizable in habeas corpus proceeding." Dean v. Maxwell (1963), 174 Ohio St. 193.
 Habeas corpus is not the proper mode of redress, where the relator has been convicted of a criminal offense, and sentenced to imprisonment therefor by a court of competent jurisdiction; if errors or irregularities have occurred in the proceedings or sentence, a writ of error is the proper remedy.
Id. at 198.
Finally, appellant failed to attach a copy of his commitment papers to his habeas corpus petition. Failure to attach commitment papers to an initial habeas corpus petition, as required by R.C. 2725.04(D), renders the petition fatally defective. Wright v. Ghee (1996), 74 Ohio St.3d 465.
Based upon the foregoing, the assignment of error is overruled. Judgment affirmed.
POWELL, P.J., and KOEHLER, J., concur.