*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2002 FED App. 0275P (6th Cir.)
File Name: 02a0275p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

—————————

JUDAH HARGROVE,
　　　　*Petitioner-Appellee,*

　　　*v.*

ANTHONY J. BRIGANO,
　　　　*Respondent-Appellant.*

No. 01-3095

Appeal from the United States District Court
for the Southern District of Ohio at Cincinnati.
No. 00-00077—Herman J. Weber, District Judge.

Argued: June 18, 2002

Decided and Filed: August 14, 2002

Before: COLE and GILMAN, Circuit Judges; MILLS,
District Judge.*

—————————

## COUNSEL

**ARGUED:** M. Scott Criss, OFFICE OF THE ATTORNEY
GENERAL, Columbus, Ohio, for Appellant. Christa M.
Hohmann, PUBLIC DEFENDER'S OFFICE, Columbus,

———

*The Honorable Richard Mills, Senior United States District Judge
for the Central District of Illinois, sitting by designation.

Ohio, for Appellee. **ON BRIEF:** M. Scott Criss, OFFICE OF THE ATTORNEY GENERAL, Columbus, Ohio, for Appellant. Christa M. Hohmann, David H. Bodiker, PUBLIC DEFENDER'S OFFICE, Columbus, Ohio, for Appellee.

_____

## OPINION

_____

RICHARD MILLS, District Judge.

### I. BACKGROUND

On January 28, 2000, Judah Hargrove filed a petition for a writ of habeas corpus, asserting that there was constitutionally insufficient evidence to sustain his conviction for aggravated burglary. Warden Anthony Brigano filed a motion to dismiss, asserting that Hargrove's claim was not exhausted.

The magistrate judge recommended that the petition be dismissed because Hargrove had not filed an appeal to the Ohio Supreme Court and that he could do so by filing a motion for delayed appeal.[1] The magistrate judge further recommended that the petition be dismissed without prejudice and that the district court toll the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1), effective January 28, 2000, on the condition that Hargrove pursue his

---

[1]A delayed appeal can be filed at any time with the Ohio Supreme Court. The motion shall "state the date of entry of the judgment being appealed and adequate reasons for the delay." OH. SUP. CT. R. II, Sec. 2(4)(a). The Sixth Circuit has held that such an appeal may be part of the "direct review" of a case. *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001). Because the delayed appeal may be filed at any time, effectively delaying the date upon which a judgment becomes final, the court decided that filing such an appeal may *toll* the running of the one-year limitation. However, the Ohio Supreme Court's decision on the motion does not *restart* the limitation period. *Searcy*, 246 F.3d at 519. Accordingly, even if Hargrove filed his motion for delayed appeal now, it would not affect the one-year statute of limitations because in Hargrove's case it has already run. *See* 28 U.S.C. § 2244(d)(1).

court remedies within a brief interval, normally 30 days, after the stay is entered and returning to federal court within a similarly brief interval, normally 30 days after state court exhaustion is completed." *Id.* at 381. Because Zarvela would have satisfied these conditions had the district court imposed them, the Second Circuit directed the district court to consider the petition on its merits. *Id.* at 383. Our Circuit has recently embraced this approach. *See Palmer v. Carlton*, 276 F.3d 777 (6th Cir. 2002) (calling the Second Circuit's approach in *Zarvela* "eminently reasonable").

Although the district court did not issue a stay in this case, it achieved the same result reached in *Zarvela* and approved in *Palmer*. It set forth certain conditions in an attempt to ensure that this case would move forward expeditiously. First, Hargrove must pursue his state remedies within thirty days of the district court's order and, second, he must return to federal court within thirty days of exhausting his state remedies. At this point, Hargrove has only one option in state court – he must file a delayed appeal with the Ohio Supreme Court. There is little room for delay in this process or within the confines set forth by the district court. Accordingly, we find that prospectively tolling § 2244(d)(1)'s one year limitation period was reasonable in this case.

We AFFIRM the district court's decision.

courts were dismissing *timely* petitions, as was the case here. Although such a decision would normally be made by the district court that receives Hargrove's untimely petition, we find that the district court's actions here were reasonable.

Recently, the Second Circuit was confronted with a factually similar situation in *Zarvela v. Artuz*, 254 F.3d 374, 376 (2d Cir. 2001). Zarvela sought permission to withdraw his timely petition, without prejudice to renew at a later date, so that he could present a new claim to the state courts.[6] *Zarvela*, 254 F.3d at 377. Zarvela pursued his state court remedies and returned to federal court fourteen days after he was denied leave to appeal. *Id*. The district court dismissed Zarvela's subsequent petition as untimely. *Id*. The Second Circuit decided that the district court should have stayed Zarvela's first petition, subject to appropriate conditions. When a district court elects to stay a petition, "it should explicitly condition the stay on the prisoner's pursuing state

---

missteps with petitioner's first timely petition); *Gibson v. Klinger*, 232 F.3d 799, 803 (10th Cir. 2000) (holding petitioner's untimely petition was not entitled to equitable tolling); *Harris v. Hutchinson*, 209 F.3d 325, 331 (4th Cir. 2000) (holding that equitable tolling was not appropriate in this case when a mistake by a party's counsel in interpreting a statute of limitations caused petition to be filed untimely); *Smith v. McGinnis*, 208 F.3d 13, 18 (2d Cir. 2000) (holding that equitable tolling was not appropriate in petitioner's case to excuse his untimely petition); *Miller v. New Jersey State Dept. of Corrections*, 145 F.3d 616, 618 (3d Cir. 1998) (directing district court to evaluate petitioner's untimely petition in light of its decision that Congress intended the one year period of limitation to function as a statute of limitation and be subject to equitable tolling); *Neverson v. Bissonnette*, 261 F.3d 120, 121 (1st Cir. 2001) (directing district court to determine whether equitable tolling is available and warranted in regard to petitioner's untimely petition); *but see Calderon v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 128 F.3d 1283, 1285 (9th Cir. 1997) overruled on other grounds by 163 F.3d 530 (9th Cir. 1998)(en banc) (upholding district court's prospective equitable tolling of the time limitation upon request by petitioner's attorneys due to a late change in counsel).

[6]Zarvella's first petition was filed two days before the expiration of the one year time period.

---

state remedies within thirty days of the court's order and return to federal court within thirty days of exhausting his state remedies. The recommendation was an attempt to save Hargrove's next petition from being considered untimely.

Both the Warden and Hargrove filed objections to the Report and Recommendation. Warden Brigano agreed that the petition should be dismissed, but argued that there was no statutory or case-law support for the magistrate judge's recommendation to toll the statute of limitations. Hargrove argued that his claim had been exhausted and therefore his petition should not have been dismissed. Hargrove, however, does not pursue this argument on appeal.

The district court entered an order following the recommendation of the magistrate judge and Warden Brigano appealed.[2]

Brigano states that the district court's dismissal was proper as Hargrove's petition contained an unexhausted claim. Brigano takes issue with the rest of the court's order, arguing that it is tantamount to an advisory opinion because it addresses issues not properly before the court. Because the district court's order referenced no law, statutory or otherwise, the basis for the decision is unclear. The court simply tolled the statute of limitations beginning on January 28, 2000, the day the petition was filed in federal court. In his appellate brief, Brigano attempts to ascertain the court's rationale and subsequently rejects each possible justification. Hargrove, after abandoning his argument based on 28 U.S.C.

---

[2]Hargrove argues that the appeal should be dismissed as it involves only a procedural issue. Hargrove cites *Slack v. McDaniel*, 529 U.S. 473 (2000), as proof that the Supreme Court discourages the appeal of purely procedural issues in habeas proceedings. Hargrove's claim is without merit. The portion of the opinion cited simply explains when a certificate of appealability should be issued where a petition has been dismissed on procedural grounds. Additionally, Hargrove argues the appeal is premature as no one can be sure Hargrove will attempt to return to federal court in the future. Brigano is arguing on appeal that the district court had no authority to issue its decision because of that very reason.

§ 2244(d)(2) following *Duncan v. Walker*, 533 U.S. 167, 181 (2001),[3] asserts that the district court's decision was one of equity.

## II. ISSUE AND STANDARD OF REVIEW

Brigano raises the following issue: Did the district court err in tolling the statute of limitations found in 28 U.S.C. § 2244(d)(1)? The district court's decision should be reviewed under a *de novo* standard in as much as the facts of the case are undisputed and the district court determined as a matter of law that equitable tolling was justified in Hargrove's case. *See Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). We find that while the district court could not use 28 U.S.C. § 2244(d)(2) to toll the statute of limitations for the time the petition was pending in federal court, *see Duncan v. Walker*, 533 U.S. 167, 181 (2001), the decision to equitably toll the petition was reasonable under the circumstances of this case and under the conditions set forth by the district court.

## III. ANALYSIS

Brigano suggests that if the district court tolled the statute of limitations period based on equitable tolling, it erred in so doing because the issue was not before the court. Brigano argues that the court exceeded its authority by *prospectively* ordering equitable tolling. Brigano asserts that although the Sixth Circuit has held that equitable tolling may be applied in

---

[3] Section 2244(d)(2) of Title 28 allows the statute of limitation period for habeas corpus petitions to be tolled while an application for "state post-conviction or other collateral review" is pending. In *Duncan v. Walker*, 533 U.S. 167 (2001), the Court was asked to determine whether an application for federal habeas corpus review is an application for "state post-conviction or other collateral review." The Court found that Congress intended the terms "state post-conviction and other collateral review" to mean only state court proceedings – not federal. *Duncan*, 533 U.S. at 181. Therefore, the time a federal habeas petition is pending in federal court will not extend the time to file a subsequent petition if the original petition is dismissed without prejudice.

habeas corpus cases, it is within the jurisdiction of the court that receives Hargrove's subsequent and untimely petition to determine whether the statute of limitation period should be equitably tolled. In addition, such a decision must be based on the factors listed in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988).[4] *See Dunlap v. United States*, 250 F.3d 1001, 1009 (6th Cir. 2001) (holding that to determine whether equitable tolling should be applied in a specific habeas corpus petition case, under §§ 2254 or 2255, the court should consider and balance the factors set forth in *Andrews v. Orr*).

Hargrove argues that the Supreme Court's decision in *Duncan* does not prohibit equitable tolling. Justice Stevens' concurrence indicated that nothing in the majority opinion would prevent a court from equitably tolling the statute of limitations period for "petitioners whose timely filed habeas petitions remain pending in district court past the limitations period, only to be dismissed after the court belatedly realizes that one or more claims have not been exhausted." *Duncan*, 533 U.S. at 184 (Stevens, J., concurring). In a footnote, the Justice stated that "[t]he court below . . . did not reach the question whether it 'should exercise its equitable powers to exclude the [time] during which the first [habeas] petition was pending,' 208 F.3d 357, 362 (C.A.2 2000), [and] is free to consider the issue on remand."

Almost all courts addressing the issue have been asked to equitably toll the statute of limitation period for *untimely* petitions,[5] not to prospectively toll the period at the time the

---

[4] The five factors to consider when determining the "appropriateness of equitably tolling a statute of limitations are: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Andrews*, 851 F.2d at 151.

[5] *United States v. Patterson*, 211 F.3d 927, 931 (5th Cir. 2000) (holding that although petitioner's second petition was untimely, the limitation period should be equitably tolled because of the court's