DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is before the court on the "Petition for State Habeas Corpus: § 2725" filed pro se, on October 16, 2002, by petitioner Todd Curns. For the reasons that follow, we dismiss petitioner's application.
 {¶ 2} Petitioner was convicted of two counts of attempted gross sexual imposition, in violation of R.C. 2907.05(A)(4) and R.C. 2923.02, a felony of the fourth degree, and was sentenced on December 18, 1998 to community control. See State v. Curns (Dec. 22, 1998), Lucas C.P. No. G-4801-CR-0199802309 ("CR-98-2309"). The trial court additionally held that violation of his community control sanction could cause petitioner to be sentenced to prison for a term of up to 18 months on each count, to be served consecutively. Id. Later, as a result of a 1999 offense, petitioner was convicted of sexual battery, a violation of R.C.2907.03(A)(2), a felony of the third degree. See State v. Curns (Feb. 28, 2000), Lucas C.P. No. G-4801-CR-0199902885 ("CR-99-2885"). As to the sexual battery conviction, petitioner was sentenced to a term of two years in prison. Id. The trial court further stated, "The sentence is ordered to be served consecutively to CR-98-2309." Id.
 {¶ 3} Petitioner asserts in his application for writ of habeas corpus that he has never received a probation revocation hearing. Petitioner further asserts that he has now served the two years of incarceration as to CR-99-2885 and that he is being held illegally in custody as to CR-98-2309.
 {¶ 4} R.C. 2725.04 sets forth the items required when filing an application for writ, and states:
 {¶ 5} "Application for the writ of habeas corpus shall be by petition, signed and verified either by the party for whose relief it is intended, or by some person for him, and shall specify:
 {¶ 6} "(A) That the person in whose behalf the application is made is imprisoned, or restrained of his liberty;
 {¶ 7} "(B) The officer, or name of the person by whom the prisoner is so confined or restrained; or, if both are unknown or uncertain, such officer or person may be described by an assumed appellation and the person who is served with the writ is deemed the person intended;
 {¶ 8} "(C) The place where the prisoner is so imprisoned or restrained, if known;
 {¶ 9} "(D) A copy of the commitment or cause of detention of such person shall be exhibited, if it can be procured without impairing the efficiency of the remedy; or, if the imprisonment or detention is without legal authority, such fact must appear."
 {¶ 10} Upon review of petitioner's request, we find that it fails to meet the requirements set forth in R.C. 2725.04. Specifically, although the petition is signed by Curns, petitioner failed to verify the application for writ, as required by R.C. 2725.04. In other words, petitioner failed to swear "to the truth of the statements in the document," and the petition should therefore be dismissed. See Chari v.Vore (2001), 91 Ohio St.3d 323, 327-8.
 {¶ 11} Additionally, although petitioner attached a judgment entry from both CR-98-2309 and CR-99-2885, he failed to attach a copy of the judgment entry in CR-98-2309 ordering his commitment on his probation violation, as required by R.C. 2725.04(D). Accordingly, petitioner's habeas claim should also be dismissed for failing to comply with R.C.2725.04(D). See Wright v. Ghee (1996), 74 Ohio St.3d 465. See, also,Bloss v. Rogers (1992), 65 Ohio St.3d 145.
 {¶ 12} Further, petitioner failed to request service of his petition in accordance with R.C. 2725.11. Accordingly, petitioner's application should be dismissed for lack of service.
 {¶ 13} Based on the foregoing, we dismiss petitioner's Habeas Corpus action at his costs.
WRIT DISMISSED.
Peter M. Handwork, J., James R. Sherck, J., and Richard W. Knepper,J., CONCUR.