**Kenneth Ray PAPENFUS, Petitioner**

v.

**Terry TIBBALS, Warden, Respondent**

**No. 3:03CV7080.**

United States District Court,
N.D. Ohio,
Western Division.

Feb. 25, 2003.

Kenneth Ray Papenfus, Lima, OH, Pro se.

Bruce D. Horrigan, Office of the Attorney General, State of Ohio, Cleveland, OH, for Terry Tibbals, Warden, Respondent.

## OPINION AND ORDER

POTTER, District Judge.

This action is before the Court on Kenneth Ray Papenfus' petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, respondent's answer, and petitioner's traverse. Petitioner presently is incarcerated at Allen Correctional Institution in Lima, Ohio.

As an initial matter, the Court finds that the petition may be resolved from the record. Therefore, an evidentiary hearing is not required. *Townsend v. Sain*, 372 U.S.

293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), *Amos v. Scott*, 61 F.3d 333, 346 (5th Cir. 1995); Rule 8 of Rules Governing § 2254 Proceedings. Furthermore, for the reasons hereinafter stated, petitioner's habeas petition is dismissed without prejudice with conditions.

The Lucas County Court of Common Pleas, on May 16, 1994, sentenced petitioner to a prison term of one year following his conviction for carrying a concealed weapon, in violation of Ohio Revised Code § 2923.12(A). Respondent's Exhibit 1. Soon thereafter, on June 27, 1994, petitioner was sentenced by the Lucas County Court of Common Pleas to serve five to fifteen years for burglary, in violation of Ohio Revised Code § 2911.12. Respondent's Exhibit 2.[1] The sentences were to be served concurrently. *Id.*

On March 20, 2000, petitioner was released on parole. Respondent's Exhibit 4. At a release violation hearing held on June 22, 2000, petitioner pled guilty to not attending anger management and changing residence without permission. Though his parole was not revoked, petitioner was sanctioned to complete anger management and the reorientation program at Unison, to have no unsupervised contact with minors, and to arrange for placement in a residence that was acceptable to the parole officer. Respondent's Exhibit 3.

Petitioner subsequently was arrested on September 1, 2000 for violating parole again. At a second formal release violation hearing held on September 27, 2000, petitioner was found guilty of several charges of violating his parole conditions, and petitioner's parole was revoked. Respondent's Exhibit 3 and 4.

Petitioner was released again on parole on January 24, 2002. Respondent's Exhibit 7. Less than five months later, on May

---

**1.** Respondent's Exhibit 2 is a Correcting Entry filed on August 28, 1995.

17, 2002, petitioner was arrested for violating parole. Respondent's Exhibit 6. After a hearing held on June 6, 2002, petitioner's parole was revoked. Respondent's Exhibits 6 and 7. A post-revocation hearing was held on August 9, 2002, and petitioner was sentenced to a minimum prison term of 28 months. Respondent's Exhibit 8. There is no direct appeal of the Ohio Parole Board's decision. *Wright v. Ghee,* 74 Ohio St.3d 465, 659 N.E.2d 1261 (1996).

On February 25, 2003, petitioner filed his habeas petition pursuant to 28 U.S.C. § 2254. This Court ordered petitioner to file an amended petition, which petitioner filed on June 2, 2003. Petitioner set forth the following eight grounds for habeas relief:

> *Ground one:* Parole violation two was optained[sic] through Ex Post Facto violation.

> *Supporting FACTS:* Petitioner was convicted of burglary and C.C.W. and was placed on parole for these two convictions. The parole officer changed the petitioner's offence from a burglary to a G.S.I., so that he could place special stipulations on the petitioner. This made the punishment annexed to the petitioner[']s crime more sever [sic] and altered the substantial rights of the petitioner.

> *Ground two:* Parole violation two was optained[sic] persuant [sic] to an unlawful use of the petitioner's juvenile record.

> *Supporting FACTS:* A judgement by the juvenile courts does not impose any civil disabilities on the petitioner. The petitioner[']s parole officer placed a civil disability on the petitioner only because of his juvenile record.

> *Ground three:* Parole violation two was optained[sic] optained[sic] pursuant to an unconstitutional suppression of the petitioner[']s Due Process Clause of the Fourteenth Amendment.

> *Supporting FACTS:* Petitioner was hindered from exercising his rights in matters of family life by enabling the petitioner from being alone with underaged[sic] family members. This created a strain on the petitioner and his family life.

> *Ground four:* Parole violation two was optained[sic] pursuant to an unconstitutional suppression of the petitioner[']s First Amend. right of Association.

> *Supporting FACTS:* Petitioner was hindered from exercising his right to associate with people underaged[sic] based on the petitioner[']s juvenile record. The petitioner[']s juvenile record is not to have any adverse effects.

> *Ground five:* Parole violation two was obtained by the failure of the parole officer not allowing the petitioner his right to excercise[sic] his right of Due Process.

> *Supporting FACTS:* At no time was there a formal hearing to see if the petitioner needed to be placed in the sexual offence category.

> *Ground six:* Violation two was optained[sic] through the use of an improper parole stipulation that was placed on the petitioner.

> *Supporting FACTS:* When the petitioner was first placed on parole one of the petitioner[']s stipulations was: Can have no unsupervised contact with anyone under the age of 18. During the petitioner[']s revocation hearing the petitioner[']s parole officer told the hearing officer that he did give the petitioner permission to spend the night at someone[']s house. That the only stipulation was that someone was to be on the same floor as the petitioner when he was alone with someone under the age of 18.

> This change in parole stipulation does not have a reasonable relationship to the

treatment of the petitioner or the protection of the public. By allowing the petitioner to be alone with someone under the age of 18 shows that the petitoners[sic] parole officer did not need to protect the public against the petitioner doing a sexual offence.

*Ground seven:* Violation two was gained through the violation of the petitioner[']s right against Discrimination.

*Supporting FACTS:* The petitioner has never been convicted of any type of sexual offence. The petitioner was found to be a juvenile delinquent based on a G.S.I[.] charge at the age of 12. The only reason that the petitioner[']s parole officer placed the petitioner in a sexual offence category was because of the petitioner[']s juvenile adjudication.

*Ground eight:* Parole violation one was obtained by not allowing the petitioner his full rights of Due Process.

*Supporting FACTS:* In the Adult Parole Authority revocation hearing the weight of the evidence is by preponderance. The only evidence that the hearing officer relied on was Charlie Jones['] statement that had changed three different times. The hearing officer did not have any evidence that supported Charlie Jones['] statement.

Petition, p. 5–6 and 8–9.

Respondent argues that petitioner's grounds for habeas relief have not been exhausted and the Court should dismiss the petition without prejudice. Prior to filing a federal habeas corpus petition, a petitioner must exhaust available state judicial remedies with respect to each issue relied upon in his petition. 28 U.S.C. § 2254(b); *Koontz v. Glossa,* 731 F.2d 365 (6th Cir.1984). The Sixth Circuit stated that "[t]he exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Manning*

*v. Alexander,* 912 F.2d 878, 881 (6th Cir. 1990).

It is indisputable that petitioner did not present his federal habeas grounds for relief to any state court. However, there is an exception to the federal habeas corpus exhaustion requirement when no opportunity exists to obtain redress in the state courts. *Barnes v. Lewis,* 12 F.3d 211, 1993 WL 515483, *1 (6th Cir.1993) (citing *Duckworth v. Serrano,* 454 U.S. 1, 3, 102 S.Ct. 18, 70 L.Ed.2d 1 (1981)). As petitioner's grounds for federal habeas relief are based upon the Ohio Parole Board's decision to revoke his parole, the Court first will consider whether or not any opportunity to appeal his parole revocation existed in the state courts.

Respondent suggests that petitioner should have petitioned for a state writ of habeas corpus pursuant to Ohio Revised Code § 2725.01 et seq. or a state writ of mandamus pursuant to Ohio Revised Code § 2731.01. The Ohio habeas provision states:

> Whoever is unlawfully restrained of his liberty, or entitled to the custody of another, of which custody such person is unlawfully deprived, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint, or deprivation.

*See* Ohio Rev.Code § 2725.01. The Ohio mandamus provision states:

> Mandamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station.

*See* Ohio Rev.Code § 2731.01

The Court first notes that the Ohio Administrative Code sets out the procedure intended to protect the rights of an alleged parole violator. *Brown v. Wilson,* 1991

WL 4927, *2 (Ohio App. 10 Dist.1991) (*citing* Ohio Admin. Codes 5120:1–1–18 and 5120:1–1–19). While, as stated above, nothing in the Ohio Administrative Code specifically provides for an appeal from a parole board's decision to revoke parole, the Ohio Supreme Court in *Wright* stated that

> The jurisdictional argument is no longer well taken. In *State ex rel. Pirman v. Money* (1994), 69 Ohio St.3d 591, 635 N.E.2d 26, we held that habeas will lie for nonjurisdictional deprivations of liberty if there is no adequate legal remedy. There is no appeal from a parole revocation decision; therefore, there is no adequate legal remedy.

*Wright,* 74 Ohio St.3d at 467, 659 N.E.2d 1261. See also, *State ex rel. Hull v. Tate,* 1998 WL 552652 (Ohio App. 7 Dist.1998). In *Hull,* the court quoted the following from *State ex rel. Pirman v. Money,* 69 Ohio St.3d 591, 635 N.E.2d 26 (1994), at page 594:

> * * * we emphasize that the " 'very nature of the writ [of habeas corpus] demands that it be administered with the initiative and flexibility essential to insure that miscarriages of justice within its reach are surfaced and corrected.' "

*Wright* also held that an alleged parole violation may have a good cause of action in mandamus. See also, *Brewer v. Dahlberg,* 942 F.2d 328, 335 (6th Cir.1991), as follows:

> Although the Supreme Court in *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex,* 442 U.S. 1, 11, 99 S.Ct. 2100, 2105–06, 60 L.Ed.2d 668 (1979) held that there is no constitutional right to be conditionally released on parole before the expiration of a valid sentence, once parole has been granted, a parolee has certain constitutional rights before parole can be revoked. Specific rights of parolees were established by the Supreme Court in

*Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) and include: (1) an informal hearing prior to parole revocation; (2) prior written notice of the inquiry, its purpose, and the alleged violations; (3) disclosure to the parolee of the evidence against him; (4) the opportunity to present witnesses and documentary evidence; (5) the right to confront and cross-examine adverse witnesses; (6) a "neutral and detached" hearing body; and (7) a statement of the reasons for revoking parole. *Id.* at 489, 92 S.Ct. at 2604.

In the case *sub judice,* as advanced by respondent, petitioner has not met the exhaustion requirements for petitioning for federal habeas relief because state habeas corpus or mandamus relief may be available to him. Respondent suggests that, since petitioner has failed to exhaust his available state court remedies, his instant petition should be dismissed without prejudice.

 However, a dismissal without prejudice would appear to be a hollow victory. Petitioner was sentenced as a parole violator on August 9, 2002. That order and sentence was final since there is no provision for appeal. Therefore, the AEDPA statute of limitations began to run. While, on February 25, 2003, petitioner filed his habeas petition in this court, an application for federal habeas corpus review is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2). *Duncan v. Walker,* 533 U.S. 167, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001). Therefore, the statute was not tolled.

 It would appear that without equitable tolling of the AEDPA one year statute of limitations petitioner's only source of relief would be in the Ohio state courts. It is certainly desirable to have the state

court examine petitioner's claims regardless of respondent's claim that they lack merit. See *Brewer v. Dahlberg,* 942 F.2d 328 (6th Cir.1991) at page 340 as follows:

> Any uncertainty whether the courts of Ohio will consider petitioner's habeas claim on the merits is not substantial enough to render resort to state process futile. *See Arendall v. Dutton,* 683 F.Supp. 182, 185 (M.D.Tenn.1987), *aff'd,* 842 F.2d 330 (6th Cir.1988); *Williams v. Perini,* 557 F.2d at 1224–25. Nor does it obviate the need to give the courts of Ohio a fair opportunity to pass upon and correct any constitutional deficiency. *Id.*

Furthermore, without equitable tolling, petitioner loses any prospect of relief in a federal court. This Court receives guidance from the case of *Hargrove v. Brigano,* 300 F.3d 717 (6th Cir.2002). In that case, the court found that prospective equitable tolling was reasonable. The trial court found that a refiling of petitioner's federal habeas after exhaustion would not be timely. The appeals court, in affirming the trial court, referred to *Duncan v. Walker,* 533 U.S. 167, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001), and, in particular, Justice Stevens' concurrence. The appeals court stated:

> Justice Stevens' concurrence indicated that nothing in the majority opinion would prevent a court from equitably tolling the statute of limitations period for *"petitioners whose timely filed habeas petitions remain pending in district court past the limitations period, only to be dismissed after the court belatedly realizes that one or more claims have not been exhausted."* Duncan, 533 U.S. at 184, 121 S.Ct. 2120, 150 L.Ed.2d 251 (Stevens, J., concurring).

*Hargrove,* 300 F.3d at 720 (emphasis added). In *Hargrove,* the court also referred to *Zarvela v. Artuz,* 254 F.3d 374 (2d Cir.2001). In that case, the appeals court decided that the trial court should have granted a stay.

In granting equitable tolling, our decision must be based on the factors listed in *Andrews v. Orr,* 851 F.2d 146 (6th Cir. 1988), reiterated in *Dunlap v. United States,* 250 F.3d 1001 (6th Cir.2001). Those factors are set forth at page 1008:

> In *Andrews v. Orr,* we specifically identified five factors to consider when determining the appropriateness of equitably tolling a statute of limitations: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

This Court now considers the foregoing factors, noting that prejudice to respondent may be considered if other factors are met. The factors are for a district court's guidance and must be properly considered and balanced. In finding that prospective equitable tolling is proper, this Court notes that petitioner's habeas petition was timely filed. He, in this respect, was diligent. This Court, for a number of reasons, did not timely reach respondent's motion to dismiss. First, this Court required petitioner to file an amended petition. Respondent asked for and received an extension of time to August 4, 2003, to file his answer. He filed his answer on August 1, 2003. The statute of limitations ran on August 10, 2003. Petitioner filed his traverse on August 13, 2003.

Considering the complexity and uncertainty as to petitioner's state court remedies, petitioner's ignorance of the legal requirement for exhaustion and then filing his federal petition, if necessary, is understandable. The Court finds no prejudice

to respondent to give a state court the opportunity to rule on petitioner's claims. In fact, one of the options proposed by respondent is to dismiss the petition without prejudice.

Following *Hargrove,* it is the order of this Court that the petition is dismissed without prejudice, but the one year statute of limitations found in 28 U.S.C. § 2244(d)(1) is tolled from February 25, 2003, to the date of this Court's judgment entry on condition that petitioner pursues his state remedies within thirty days of this Court's order and returns to this Court within thirty days of exhaustion of his state remedies.

Further, for the foregoing reasons, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal by petitioner from this decision could not be taken in good faith, *see* Fed. R.App. P. 24(a), and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R.App. P. 22(b); *Slack v. McDaniel,* 529 U.S. 473, 120 S.Ct. 1595, 1603–4, 146 L.Ed.2d 542 (2000); *Lyons v. Ohio Adult Parole Authority,* 105 F.3d 1063, 1073 (6th Cir.1997).

THEREFORE, for the foregoing reasons, good cause appearing, it is

ORDERED that the petition for writ of habeas corpus be, and hereby is, DISMISSED WITHOUT PREJUDICE conditioned as aforesaid; and it is

FURTHER ORDERED that petitioner is denied a certificate of appealability; and it is

FURTHER ORDERED that petitioner is denied leave to file an appeal *in forma pauperis.*